IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01107-CBS
(To be supplied by the court)

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2015

JEFFREY P. COLWELL
CLERK

Jan B. Hamilton, Plaintiff,

v.

Judge James B. Boyd,
Judge Paul Metzger,
Judge Erin Ely,
Judge John Petosky,
Judge Denise Lynch,
Judge Frank Plaut,
Jailer, Don Bird,
Asst. Jailer Sarah Roush, Defendant(s). see attached pages

(List each named defendant on a separate line.)

**PRISONER COMPLAINT**

(Rev. 1/30/07)

## A. PARTIES

1. Jan B. Hamilton, 0024384, Park County Jail,
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   Box 965, Fairplay, Co. 80440   719-836-4370
   nutritionalbiomedicine.com (website)

2. Judge James B. Boyd, 109 8th St. Garfield, Co.
   (Name, title, and address of first defendant)
   Courthouse, Glenwood Springs, Co. 81601

   CRS 18-2-101 & 103 (2014)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes __ No (CHECK ONE). Briefly explain your answer:

   18 USC 245, Title III Civil Rights Act 1964, 42 USC 1983,
   Canons 1-3
   42 USC 3631, 18 USC, Canons 1,2,3 Bias and Prejudiced
   249
   Canon Rule 3.6, 3.13, 3.15   Rule 1.2, 2.2, 2.3, 2.4, 2.6, 2.8, 2.10, 2.14,

3. Judge Paul Metzger 109 8th St. Garfield Co.
   (Name, title, and address of second defendant)
   Courthouse, Glenwood Springs, Co. 81601

   CRS 18-2-101 & 103 (2014)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes __ No (CHECK ONE). Briefly explain your answer:

   18 USC 245, Canons 2 & 3, 42 USC 1983,
   Canons 1-3
   28 USC 1343, Civil Rights Act 1964, USC 249
   Rule 1:1.2, Rule 2.2, 2.3, 2.4, 2.6, 2.8, 2.10, 2.14 Canon Rule 3.6
   3.13, 3.15.

4. Judge Erin Ely, 506 E. Main St., Pitkin Co.
   (Name, title, and address of third defendant)
   County Combined Courts, Aspen, Co. 81611

   CRS 18-2-101 & 103 (204)
   Specifies of all Judges:

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes __ No (CHECK ONE). Briefly explain your answer:

   Canon I
   Rule 1.2   Case 08C13 in which Judge Ely with bias & prejudice
   Canon II   against LGBT persons violated Canon I: failed to uphold
   Rule 2.2   and promote the Independence, integrity and impartiality of the
   Rule 2.3   judiciary. Violated impropriety and appearance thereof.

   (If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

   Religion, marital status, gender, sexual orientation, socioeconomic status compared to rich people in Aspen,

   Rule 2.4   (Rev. 1/30/07) A & C
              swayed by Religious Extremists" public clamor of fundamentalist "town fathers"
   Rule 2.6 (A) Transcripts reveal that pro se party was not ensured the right to be heard
        (B) Would not allow mediation or reconciliation between parties who accepted her for
            4 years before they learned that she and another woman were lovers. Accepted Ex Parte
   Rule 2.8 (B) Ordered invalid mental evaluation due to Lesbian lifestyle.   Communications

All defendants are accused of:
C.R.S. 18-2-101:103 (alleged criminal murder, attempted) and 2nd degree attempted murder, blocked cancer treatment in jail-fatal outcomes, life support denied.

**All Judges:**

**Ely** Rule 2.10 (A)(B) Made public statements regarding the civil cases filed by Dr. Jan Hamilton against "Religious Extremist" who threatened her life if she did not "forsake her Lesbian Lifestyle", threatened arrest with current time served 2 years without trial on $300,000.00 (three hundred thousand cash only bond) and 64 more months of incarceration yet to serve. Erin Ely is the defendant in case 11CV126 and has recused herself in all future cases, evidence of impartiality. Judge Ely's husband is County Atty. Her bias in 2004 cascaded into a 10-year cascade of subesquent litigation with continued bias and prejudice of the majority of the other defendants.

**All attorneys & judges** Rule 2.14 Judge Ely refused to report the stroke of Judge James B. Boyd, or the extreme homophobia of other judges. She initiated bias & prejudice in Aspen community.

**All Judges** Rule 2.15 Failed to Respond to Judicial and Lawyer misconduct of Arnold Mordkin, Martin Beeson, former District Attorneys, Sherry Caloia, Peter Beyel, Andrea Bryan, Joe Kraebacher, Tom Smith, Tina Fang, John Steven Johnston, Jim True, Matt Morris, Sara Oates, Leonard Oates, Stacey Feinberg, Mick Ireland, Bill Hodges, Beth Kruelwitch, James Pickup and the Office of the Attorney Generals John Suthers and Cynthia Coffman, and homophobic staff.

③

<u>Canon 3</u> <u>Rule 3.6</u> Disclosed non-public information of the "closeted" Lesbian relationship of Nancy Lee Wall and Jan B. Hamilton from 2001 to 2008, the choice of the two women due to religious beliefs. <u>Rule 3.6</u> Affiliations with Discriminatory Organizations. Aspen Chapel in 2008 when Judge Ely attended benefit brunch at the home of Dr. Patricia Hill. The Plaintiff has filed a motion with the court to appoint an investigator to examine all memberships of defendants and copies of the by-laws to include a non-discriminatory policy. Judge Ely knew that Jan Hamilton regularly attended Aspen Chapel and was there to observe Joanna Green, Jan Hamilton and a potential restraining order violation.

<u>Rule 3.13</u> The Plaintiff seeks a court order to examine IRS records of all defendants under the Colorado Rules of Civil Procedure of Judges and other government employees who have accepted gifts, loans, bequests, benefits or other things of value such as free green fees at local golf courses. Aspen is known for it's wealth and unscrupulous bribes, pay-offs and other illegal and unethical questionable activities, with ulterior motives.

<u>Rule 3.15</u> Reporting requirements when Judges and other qualifying governmental employees ④

failed to report "Mandatory Reporting" to at-risk elderly CRS 26-3.1-101 to 110, Abuse to A-Risk Elderly 18-6.5-101 to 108 CRS, Attempted alleged 2nd degree attempted 2nd degree murder; police who failed to protect, Menacing with blockage of life support medications, Aggravated intimidation of witness CRS 18-8-703 and 704 Class 4 felony, Hate Crimes Act 249(a)(2)(iv)(I)(II), 18 USC Sect. 249(a)(2), Equal Access to Justice Act 28 USC 2412, Romer vs Evans (1996), failed to report crime by Jeff Fain & Don Bird in the blockage of U.S. Mail 18 USC 1708 with deputies Lee Leibnann, Sara Roush & Ferra Kiannian, Ben Legal, Nicholas Fierra, Matt Forrester, tampering with U.S. Mail. Failure to enforce Aspen City Ordinance 15-04-107 and City Code 60, 1964 Civil Rights Act, Civil Rights in Public Accommodation, Housing, Voting, Employment, CRS 24-34-501, 24-34-402, 24-34-601. Violation of Attorney General (housing) 24-34-505.1 in the cases with Pat Marquis, Charles & Fonda Patterson, John & Pam Fisher, APCHA, Paula Nirschel, Julie Roth, Montview Manor (Denver) in failure to investigate sexual orientation discrimination discrimination commenced by Maria Waters (Real Estate Commission) & Jonathan Winters of the Civil Rights Commission & HUD.

(margin: CRS 18-2-101(2014) and 18-2-103(2014))

⑤

Defendants: (continued)

Lee Leibmann,
Beverly Campbell
Deborah Kendricks
Fierra Keannian
Ben Legall
Nicholas Fierra
Matt Forrester
Joe DiSolva
Jon Peacock
County Commissioners
Richard Pryor
Bill Linn
Jeff Fain
Dan Davis
Mike Tracey
Linda Consuegra
Chip Seaman
Kurt Wheatly
Adam Loudon
Jim Crowley
Leon Murray
Jim True, City Atty.
Laura Koenig, Charlottesville, Va.
Tina Fang
Matt Morris

Defendants ②

Sherry Caloia, D.A.
Peter Beyel
Michael Jackson
Arnold Mordkin
Martin Beeson
Joe Kraebacher
Sara Oates
Leonard Oates
Lawson Wells
Tom Smith
John Steven Johnston
Tom McCabe
Cindy-Tucker-Davis
Cindy Christian
Joanna Green
Gail King, M.D.
Steve Barwick
Mick Ireland
Becky Ayers
Steve Woodrow
Derek Brown
Dan Bosko
Brunhilda Schoffler                                 Defendants
Bill Hodges                                              ③
Board of Elders 1st Baptist Church, past & present

Board of Elders, Cross Roads Church, past & present Aspen
Vestry Christ Episcopal Church, Aspen
Vestry of St. Peter's Episcopal Church, Basalt
Bishop & Staff Dioses of Colorado, Rob McNiell - Denver
Jonathan and Shara Brice
Shirley Tipton
Peter Waanders,
Jennifer Causing
Nickolas Veessey
Administrative Council, Aspen Chapel
Catharine Ann Provine
Rector of St. Pauls Episcopal, Church, Basalt
Katharine Jefferts Sherrits - New York, U.S. Dioces
    Episcopal Churches of the United States
Beth Kruelwitch
Mike Nickerson, Aspen Community Church, Aspen
Administrative Council, Community Methodist, Aspen
Mike Jahn
Don Bird
Fonda Patterson
Blanca O'Leary
Paul Chester
Ralph Melville
Marian Melville            Defendants
Craig Melville                 ④

Employees of the Mountain Chalet
Carl Bergman
All employees of Carl's Pharmacy
Katie Bergman
All employees of the Miner's Bldg.
Betty Cipriano
Pam Fisher
John Fisher
Jill Westerlind
Don Westerlind
David Mason, Florida
Rick Borchvec
Linda Davis
Doug Rovera, M.D. oncologist
Kim Scheuer
Dewayne Neiber
Paula Nirchel
Conspirator of Paula Nirschel
Maci Morriss
Members of the Elks Club
Trustees & Life Trustees - Aspen Institute (list addresses
James Pickup, AI Atty.  are in Certificate of Service)
Rick Carrol
Aspen Times Corporate Headquarters, New York
Montview Manor, Denver                    Defendants ⑤
Pat Harper, Administrator Montview Manor - Steele St.

Pat Marquis
Sotheby's Intl. Real Estate
Jennifer McPherson
Johnathan Winters
Board of Medicine - State of Colorado
Don Humphrey
Maria Waters
Aspen Valley Hospital
Cynthia Coffman, Atty. General Colorado
Tim Stanistwski, FBI - Glenwood Springs, Co.
Jim Coyle
William Campbell
Leonard Lauder
Anne Welsh McNulty
Bonnie Palmer McCloskey

3rd Parties:
American Dietetic Assn. (Licensing Board)
Chicago Insurance Company Professional
    Liability Insurance Company
AIG American Insurance Group - Granite
    Underwriting Co. (parent company)
CMF Liability Insurance Company

(6)
Defendants

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to:  (check one if applicable)

    ✓  28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    ___  28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

Civil Rights Act 1964, 42 USCA 1971 (expedited) 42 USCA 1975(a), 39 USCA 2066(d) USCA 2201, section 710(a) 42 USC 3631, 42 USC 1983, 18 USC 249, CRS-18-9-121

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

1. Plaintiff injured with extreme bodily injury as a result of defend actions, willful & wanton intent.
2. Miscarriage of justice has occurred.
3. She was mandated to undergo "Conversion Therapy" or be arrested, "involuntary servitude" - 13th Ammendment
4. "Religious Extremists" through multiple false arrests based upon frivilous, vexatious false reports with false imprisonment for over 2 years without trial on $300,000.00 cash only bond denied her participation in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof, because of her(a) Religious beliefs that God loves all the same, gay & straight; sexual orientation.
5. Life threatened with banning of cancer meds in jail, attacked by deputies defendant tried to run her off road in car while she was on foot. (Deadly weapon Grey Passat car)
6. Interstate commerce implied in cancer meds from Texas & Arizona, defendants from multiple states.

(Rev. 1/30/07)

③

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: Violation of 28 USC 1343 - 13th Ammendment

   Supporting Facts:

   (a) The district courts have jurisdiction of any civil action authorized by law to be commenced by any person. Therefore, the Plaintiff seeks (1) To recover damages for injury to her person and property, because of deprivation of freedom of religion, freedom from all "involuntary servitude" in the form of mandated "Conversion Therapy" to be "cured of being a Lesbian" with threat of arrest, and that after she completed the year of "Conversion Therapy" she was
   (b) none-the-less arrested and has been subjected to 10-years of alleged crimes based upon frivilous false reporting with the deliberate intent to "kill her as the bible says -- every word of the bible is true" as stated by defendants. She is dying incarcerated falsely based upon complainant/defendants alleged crimes. The officials in her incarceration have blocked cancer medications with willful and wanton intent, to take her life.

2. Claim Two: <u>To recover damages - 1985 Title 42</u>
   Supporting Facts: violation of 18 USC (a)(2) 245(a)(2),
The defendants failed to prevent or to aid in preventing wrong doings, which he or she had knowledge were about to occur and made the deliberate act (decision) to prevent; with willful and wanton intent to do bodily harm with life threatening or potentially fatal outcomes in keeping with 18 USC 245, Matthew Shepard and James Byrd, Jr. Hate Crimes Prevention Act of 2009.

Therefore, in claims 1-3 she seeks to recover damages, losses and injury to her career (right to earn the same amount as the total annual gross income $400,000.00) as she did prior to the "outing" of her Lesbian lifestyle and secure equitable and all other relief under any act of Congress for all constitutional privileges in the protection of civil rights, including the right to vote due to caucus held at the Mtn. Chalet, a place of public accommodation and previous employment and housing. She seeks recovery of all losses and damages in violation of 42 USC 1983 and the 1964 Civil Rights Act, and all other congressional and constitutional violations

(Rev. 1/30/07)

3. Claim Three: <u>To claim the right to redress</u>

   Supporting Facts: 42 USC 1983

The defendants, who under color of any statute, ordinance, regulation, custom, or usage of any state (Colorado) subjected the Plaintiff and caused the Plaintiff within it's jurisdiction to be deprived of rights to life, liberty and the pursuit of happiness, secured by the constitution. Therefore, the Plaintiff pleads the courts to fine, imprison, and issue injunctions, protection orders and all manner of lawful punishment for placing the defendant in "Involuntary Servitude" by lengthy incarceration without trial, with excessive bail ($300,000.00 cash) for over 2 years (without trial) in accordance with this evidence that multiple declaratory decrees were violated and the glaring bias/prejudice exhibited by officers in a judicial capacity violated in which declatory relief was unavailable. In these 10 years continuosly violated constitutional privilige violations declaratory decree occurred multiple times. Declatory relief and right to seek redress was unavailable

(Rev. 1/30/07)

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: *Chicago Insurance Co. (CIC)*

2. Docket number and court name: *12SC5865 - U.S. Supreme Court*

3. Claims raised in prior lawsuit: *Losses; damages of career and declaration page recovery of $6,000,000.00 of each person who died*

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): *Docketed at U.S. Supreme Court but not chosen for oral argument*

5. If the prior lawsuit was dismissed, when was it dismissed and why? *January 12, 2013*

6. Result(s) of any appeal in the prior lawsuit: *None; CIC failed to represent their insured of 22 years in an act of fraud, breach of contract, and conspiracy.*

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

   ✓ Yes ___ No (CHECK ONE).

   *Copies of kites and grievances have been sent to Federal District Court in this case*

2. Did you exhaust available administrative remedies? ✓ Yes ___ No (CHECK ONE).

   *Administrative appeals were made to FBI, Motion for Administrative Judge court order to mandate that bias, prejudiced persons be subjected to mental and physical exams for paranoia, phobias, schizophrenia and multi-personality disorder as well as dementia and damage of neurological brain damage due to stroke.*

(Rev. 1/30/07)

## Previous Lawsuits

A. 1. Names of defendants: Steve Woodrow, Derek Brown, Blake Appleby, John Galambos (Colo. Supreme Court).

2. Docket No. (not available while I'm in jail — my files are locked in Aspen) Colorado Supreme Court.

3. Claims: $1,000,000.00 in punitive, actual and compensatory losses to reputation, career, health, due to extreme emotional distress to elderly at-risk, protected party CRS 18-9-121 Romer vs. Evans (1996).

4. Desposition of prior lawsuit: Dismissed, motion for new trial denied, motion to reconsider denied.

5. Dismissed due to ruling that plaintiff's religious freedom was usurped to believe that God loves all the same, gay & straight, although I was never a member of 1st Baptist, Crossroads Church.

6. Results: Appealed from District to Court of Appeals, then Colorado Supreme Court. Motion for Judicial Review denied by Colorado Attorney General & Plea to U.S. Attorney General in Grand Junction unfruitful.

Previous Lawsuits (page 2)

B.1. Defendant: Brunhilda Schoffler, Therapeutic (a clerk in a hardware store) no credentials.

2. 15SC130 Supreme Court of Colorado

3. Claims: All punitive, actual, exemplary and compensatory damages, losses of property

4. Still pending - oral argument requested with court appointed attorney - indigency.

C. Hamilton v. Chicago Insurance Company (CIC)

1. Docketed U.S. Supreme Court Oct. 22, 2012, not chosen for oral argument.

2. Companion case dismissed due to deficient timelines caused by jail mail delay & clerical error. Hamilton vs. Board of Medicine, State of Colorado.

3. Motion will be filed to suspend the rules Rule 2 to reopen these cases relevant to affordable care act - lower cost healthcare with preventive nutrition, when Plaintiff gets out of jail

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

Redress and **monetary** assistance for tortious acts, loss of reputation to continue to earn previous $400,000.00 gross annual income verifiable in court records in cases 15SC130 and Hamilton vs. Wall, and Hamilton vs. Woodrow, et al., sustained, for which the injured party should be compensated as a matter of right. **Consequential** for canceled checks and cancelation of credit cards, after services rendered. **Double (treble) damages** due to bodily injury with fatal diagnosis and willful and wanton intent to murder by withdrawing life support medications while in jail (improper behavior). **Exemplary**, as a form of punishment for malicious & willful misconduct.

### DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on  July 27, 2015
             (Date)

_Jesse B. Hamilton_
(Prisoner's Original Signature)

(continued) Relief: Expectation damages, measure of money damages available to breach of contract by patients after they learned of arrests in newspaper, defendant breached contract, Sharon Barnes. **Incidental damages**: Foreclosure, Bankruptcy, Divorce, cancer diagnosis, intentional torts committed by defendants with fatal stress induced outcomes of their bias, prejudice with willful and wanton intent to kill. Recovery of all medical, loss of work income while incarceration, destruction of health, reputation, income in an exponential increase into the future due to past, present & future malice with intent.

(Rev. 1/30/07)