IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01107-CBS

JAN B. HAMILTON,

     Plaintiff,

v.

JAMES B. BOYD, Judge,
PAUL METZGER, Judge,
ERIN ELY, Judge,
JOHN PETOSKY, Judge,
DENISE LYNCH, Judge,
FRANK PLAUT, Judge,
DON BIRD, Jailer,
SARAH ROUSH, Asst. Jailer,
LEE LEIBMANN,
BEVERLY CAMPBELL,
DEBORAH KENDRICKS,
FIERRA KEANNIAN,
BEN LEGALL,
NICHOLAS FIERRA,
MATT FORESTER,
JOE DISOLVA,
JON PEACOCK,
COUNTY COMMISSIONERS,
RICHARD PRYOR,
BILL LINN,
JEFF FAIN,
DAN DAVIS,
MIKE TRACEY,
LINDA CONSUEGRA,
CHIP SEAMAN,
KURT WHEATLY,
ADAM LONDON,
JIM CROWLEY,
LEON MURRAY,
JIM TRUE, City Atty.,
LAURA KOENIG,
TINA FANG,
MATT MORRIS,
SHERRY CALOIA, D.A.,
PETER BEYEL,

MICHAEL JACKSON,
ARNOLD MORDKIM,
MARTIN BEESON,
JOE KRAEBACHER,
SARA OATES,
LEONARD OATES,
LAWSON WELLS,
TOM SMITH,
JOHN STEVEN JOHNSTON,
TOM MCCABE,
CINDY TUCKER-DAVIS,
CINDY CHRISTIAN,
JOANNA GREEN,
GAIL KING, M.D.,
STEVE BARWICK,
MIKE IRELAND,
BECKY AYERS,
STEVE WOODROW,
DEREK BROWN,
DAN BOSKO,
BRUNHILDA SCHOFFLER,
BILL HODGES,
BOARD OF ELDERS 1ST BAPTIST CHURCH, past and present,
BOARD OF ELDERS CROSS ROADS CHURCH, past and present Aspen,
VESTRY CHRIST EPISCOPAL CHURCH,
VESTRY OF ST. PETER'S EPISCOPAL CHURCH, Basalt,
BISHOP & STAFF DIOSES OF COLORADO,
ROB MCNIELL,
JONATHAN BRICE,
SHARA BRICE,
SHIRLEY TIPTON,
PETER WAANDERS,
JENNIFER CAUSING,
NICKOLAS VEESSEY,
ADMINISTRATIVE COUNCIL, Aspen Chapel,
CATHERINE ANN PROVINE,
RECTOR OF ST. PAUL'S EPISCOPAL CHURCH, Basalt,
KATHARINE JEFFERTS SHERRITS, New York, U.S. Dioces,
EPISCOPAL CHURCH OF THE UNITED STATES,
BETH KRUELWITCH,
MIKE NICKERSON, Aspen Community Church, Aspen,
ADMINISTRATIVE COUNCIL, COMMUNITY METHODIST, Aspen,
MIKE JAHN,
DON BIRD,
FONDA PATTERSON,

2

BLANCA O'LEARY,
PAUL CHESTER,
RALPH MELVILLE,
MARIAN MELVILLE,
CRAIG MELVILLE,
EMPLOYEES OF THE MOUNTAIN CHALET,
CARL BERGMAN,
ALL EMPLOYEES OF CARL'S PHARMACY,
KATIE BERGMAN,
ALL EMPLOYEES OF THE MINER'S BUILDING,
BETTY CIPRIANO,
PAM FISHER,
JOHN FISHER,
JILL WESTERLIND,
DON WESTERLIND,
DAVID MASON,
RICK BORCHVEC,
LINDA DAVIS,
DOUG ROVERA, M.D. Oncologist,
KIM SCHEUER,
DEWAYNE NEIBER,
PAULA NIRCHEL,
CONSPIRATOR OF PAUL NIRCHEL,
MACI MORRISS,
MEMBERS OF THE ELKS CLUB,
TRUSTEES & LIFE TRUSTEES,
JAMES PICKUP, A.I. Atty.,
RICK CARROL,
ASPEN TIMES CORPORATE HEADQUARTERS, New York,
MONTVIEW MANOR,
PAT HARPER, Administrator Montview Manor,
PAT MARQUIS,
SOTHEBY'S INTT. REAL ESTATE,
JENNIFER MCPHERSON,
JOHNATHAN WINTERS,
BOARD OF MEDICINE, State of Colorado,
DON HUMPHREY,
MARIA WATERS,
ASPEN VALLEY HOSPITAL,
CYNTHIA COFFMAN, Atty. General Colorado,
TIM STANISTWSKI, FBI, Glenwood Springs, CO,
JIM COYLE,
WILLIAM CAMPBELL,
LEONARD LAUDER,
ANNE WELSH MCNULTY, and

3

Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jan B. Hamilton, is detained currently in the Park County Detention Facility in Fairplay, Colorado, having been transferred from the Pitkin County jail.  Ms. Hamilton initiated this action on May 26, 2015, by filing a "Complaint" (ECF No. 1) against a single defendant, Judge James B. Boyd.  Ms. Hamilton has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On July 28, 2015, Plaintiff filed a Prisoner Complaint (ECF No. 35), pursuant to 42 U.S.C. § 1983, in compliance with court orders to file her pleading on the court-approved form.  (*See* ECF Nos. 3, 14, and 27).  Ms. Hamilton names 110 defendants in the Prisoner Complaint.

The Court must construe the Prisoner Complaint liberally because Ms. Hamilton is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the Prisoner Complaint and has determined that it is deficient.  For the reasons discussed below, Ms. Hamilton will be ordered to file an Amended Complaint.

## I.  Requirements of Fed. R. Civ. P. 8

The Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to

4

conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.1989). The requirements of Fed.R.Civ.P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1062, 1069 (D.Colo.1991), *aff'd*, 964 F.2d 1022 (10th Cir.1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The allegations of the Prisoner Complaint are conclusory and difficult to decipher. Ms. Hamilton fails to explain specifically what each of the 100 named Defendants did to violate her federal constitutional rights. For example, she alleges that:

- she "was mandated to undergo 'conversion therapy' or be arrested" (ECF No. 35, at 11).

- "Religious Extremists" through multiple false arrests based upon frivolous, vexatious false reports with false imprisonment for over 2 years without trial on $300,000 cash only bond denied her participation in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by an State or subdivision thereof, because of her religious beliefs that God loves all the same, gay & straight; sexual orientation. (*Id.*).

- her "life [was] threatened with banning of cancer meds in jail, attacked by deputies, defendant tried to run her off road in car while she was on foot." (*Id.*).

However, these allegations, as well as the other allegations of the Prisoner Complaint, are conclusory and do not tend to show that any of the named Defendants deprived her of a Constitutional right.  To state a claim in federal court, Ms. Hamilton must file a Prisoner Complaint explaining "what each defendant did to [her]; when the defendant did it; how the defendant's action harmed [her]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007).  In a Motion for Court Appointed Attorney (ECF No. 34), filed on July 28, 2015, Plaintiff alleges additional facts concerning the named Defendants.  However, the additional facts will not be considered unless they are asserted in an Amended Complaint that complies with Fed. R. Civ. P. 8.

## II.  42 U.S.C. § 1983

Section 1983 provides a remedy for the deprivation of a right secured by the Constitution or federal statute, committed under color of state law.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

### A.  Private Individuals or Entities

Some, if not many, of the named Defendants are private individuals or entities. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Id.* at 50 (quotation marks omitted).

Private conduct constitutes state action only if it "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  Further, while state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995)

6

(quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id.* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

The Prisoner Complaint is deficient because there are no allegations to suggest that any actions of the private individual or entity Defendants were fairly attributable to the State.  In the Amended Complaint, Ms. Hamilton must clarify which named Defendants are government officers or employees and state facts to show that any non-governmental actors were acting under color of state law.

**B. Personal Participation**

The Prisoner Complaint is also deficient because Ms. Hamilton fails to allege facts to show that each named Defendant was personally involved in a deprivation of her constitutional rights.  Personal participation is an essential element in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).  A supervisor can only be held liable for his or her own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional

7

rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Accordingly, in the Amended Complaint, Ms. Hamilton must allege specific facts to show how each named Defendant personally participated in an alleged deprivation of her constitutional rights.

### C. Judicial and Prosecutorial Immunity

Finally, the Prisoner Complaint is deficient because Ms. Hamilton names several state court judges and prosecutors as Defendants.

Judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded his authority, *see Stump*, 435 U.S. at 1105. Further, a judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990). Ms. Hamilton does not state any facts to indicate that the Defendant judges were acting outside of their judicial capacity.

In addition, prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978).

8

Initiating and pursuing a criminal prosecution are acts are "'intimately associated with the judicial process'" *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430). Plaintiff's factual allegations suggest that she is suing the prosecutor Defendants for actions taken in the course of their prosecutorial duties.

In the Amended Complaint, Plaintiff must allege specific facts to show that her claims against the judges and prosecutors are not barred by absolute immunity.

### D. Constitutional Claims

Although the Prisoner Complaint fails to comply with Fed. R. Civ. P. 8's pleading requirements, the Court discerns from Plaintiff's allegations that she is attempting to assert § 1983 claims against one or more of the Defendants for deprivation of her Fourteenth Amendment or Eighth Amendment right to receive adequate medical care (i.e., her cancer medication) while in detention, as well as for malicious prosecution.

### 1. Eighth Amendment

"[P]rison officials violate the Eighth Amendment's ban on cruel and unusual punishment if their deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (internal quotation marks omitted). "Under the Fourteenth Amendment's due process clause, pretrial detainees . . . are entitled to the same degree of protection regarding medical attention as that afforded convicted inmates under the Eighth Amendment." *Barrie v. Grand County, Utah*, 119 F.3d 862, 867 (10th Cir.1997) (internal quotation marks omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively,

sufficiently serious . . . [Second,] a prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) (prison officials may not be deliberately indifferent to the serious medical needs of inmates in their custody).  Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.

If Plaintiff intends to assert a claim against jail officials for depriving her of prescribed cancer medications, she must allege specific facts in the Amended Complaint identifying each individual involved and demonstrating how that individual violated her constitutional rights

### 2.  malicious prosecution

A malicious prosecution claim brought under the Fourth Amendment requires a showing that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."  *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir.2008).  Malice may be inferred if a defendant causes the prosecution without arguable probable cause.  *See id.* at 800-01 (malice may be inferred from intentional or reckless behavior).

If Ms. Hamilton intends to assert a § 1983 claim for malicious prosecution, she must allege specific facts to show that a named Defendant, acting under color of state law, violated her Fourth Amendment rights.  Plaintiff is reminded that state prosecutors

10

have absolute immunity from suit for initiating and maintaining a criminal prosecution.

Accordingly, it is

ORDERED that Plaintiff, Jan B. Hamilton, file **within thirty (30) days from the date of this order,** an Amended Complaint on the court-approved Prisoner Complaint form that complies with all of the directives in this order.  It is

FURTHER ORDERED that the Clerk of the Court shall mail to Plaintiff a copy of the Prisoner Complaint form, along with the applicable instructions.  It is

FURTHER ORDERED that, if Ms. Hamilton fails to file an Amended Complaint on the court-approved Prisoner Complaint form that complies with the directives in this Order within the time allowed, the Court will dismiss this action without further notice for the reasons discussed above.  It is

FURTHER ORDERED that Ms. Hamilton's Motion to Reconsider (ECF No. 33), in which she asks the Court to reconsider the July 20, 2015 Order (ECF No. 27) denying, without prejudice, her request for the appointment of counsel, and her Motion for Court Appointed Attorney (ECF No. 34) are DENIED without prejudice.  Plaintiff may renew her request for the appointment of counsel if and when some or all of this action is drawn to a presiding judge, pursuant to D.C. COLO.LCivR 8.1(c) and 40.1.  Plaintiff is warned that any further requests for the appointment of counsel filed before the Court completes its preliminary review of this action pursuant to D.C. COLO.LCivR 8.1(b) and 28 U.S.C. § 1915(e)(2)(B) will be denied summarily.

DATED August 6, 2015, at Denver, Colorado.

BY THE COURT:


_s/Craig B. Shaffer_____
United States Magistrate Judge