Codes to be Keyed to Defendants names to show violations of Constitutional Rights 18 USC 249, 18 USC 843, 42 USC 1983, 18 USCA 1708 and other violations to Colorado State Law and Aspen City Ordinances 15-04-870 and City Code 60

1 (A) Freedom of Religion - speech - Right of petition
   1st Amend...    Colorado Const. Art. II Sect. 4
   to peaceably assemble in church

2 (B) Amend IV Searches and Seizures, 18 USCA 1708 Confiscating U.S. Mail

3 (C) Amend VI Speedy Trial, informed of nature and cause of accusation, confronted with witnesses, compulsory process for obtaining witnesses in her favor and have assistance of counsel in her defense

4 (D) Amend VIII Excessive Bail or fines, no cruel or unusual punishment - Blockage of cancer meds

5 (E) Amend IX Powers not delegated to U.S. Constitution are reserved to states, rights of LGBT families, persons

6 (F) Amend XIII No involuntary servitude "Conversion Therapy"

7 (G) Amend XV Right to vote blocked by condition of servitude banned from caucuses voting in Public Accomodation at Mtn. Chalet & Baptist Church

8. (L) Amend XIV Violation of equal protection and due process in deprivation of any person of life, liberty, or property (intellectual property - career) Plaintiff

9. (D) Violation of 1964 Civil Rights Act - Discrimination

10. (I) Violation of 18 USC 249 Hate Crimes Act - Federal

11. (L) Violation of State Hate Crimes Act 18-9-121 CRS with recovery of losses and damages CRS 13-21-1065

12. (Q) Violation of 28 USC 1343 Blocked Cancer Meds Recover losses: damages

13. (M) Violation of 42 USC 1983 Recover losses: damages

14. (N) Tampering with U.S. Mail Violation 18 USCA 1708

15. (O) Violation 18 USC 245 Criminalizes intentional bodily harm against a person enjoying public event Plaintiff

16. (P) Rule 4(z) Invades intellectual property: career

17. (Q) Rule 35 Motion for Mental & Physical Exam (for Defendant)

18. (R) Rule 56 - Entitled to recovery as matter of law by Plaintiff

19 (B) 28 USC 2072(2)(b) Violator was furnished actual notice of local, state and federal violation, but continued

20 (9) Rule 9(b) State of mind constituting fraud, malice, intent, conditions of a persons mind-defendant

21 (U) Law does not require that a copy of the complaint be filed with the summons Smith v. Aurick, 6 Colo. 388 (1882). Seely v. Taylor, 17 Colo. 70, 28 P. 461 (1891) 28 P. 723 (1892).

22 (V) Violation 42 USC Sect. 1985(3) Victims of private conspiracies, deprives victims of Plaintiff legal rights

23 (W) Discrimination in Housing CRS 24-34 501 to 509

24 (Y) Violation 18-1-901 CRS (c)(p) Independant Serious Bodily Injury

25 (y) Violation of Public Accommodation 24-34-602 CRS

26 (Z) Rule 5 Fed. Rules Civil Procedure (a)(3) Seize Property in CRS 13-21-106.5(2) Conviction shall not be a condition necessary to recovery (3) Shall not be subject to limitations 13-21-102 (b) willful and wanton conduct purposefully committed with awareness of danger done needlessly without regard of extreme torture to Plaintiff

without regard to the rights and safety of others
particulary the Plaintiff

27. (AA) Conspiracy CRS. 18-2-201 to 206

28. (BB) Menacing CRS 18-6.5-101 to 108 - Contributes to fatal outcome

29. (CC) CRS. 18-8-703-704 Tampering with Witness

30. (DD) 436 U.S 149,164 (1978) Flagg Bros. v. Brooks
Constitutional Standards are invoked when it can
be said that the State (Aspen Police, DA, Judges) is
responsible for the specific conduct of which the
plaintiff complains. Blum v. Yaretsky, 457 U.S.991, 1004 (1982)

31. (EE) Defendant was personally involved in the
depravation of her (Plaintiffs) Constitutional Rights.
Bennett v. Passic, 545 F. 2d 1260, 1262-63 (10th Cir. 1976).
Kentucky v. Graham, 473 U.S. 159, 166 (1985).

32. (FF) Violation of Aspen City Ordinance 15-04-570 : Code 60

33. (GG) Subjected Plaintiff to Undergo "Conversion Therapy" to
"be "cured of being a Lesbian" or conspired with
"Religious Extremists" who threatened arrest : bodily injury

*Private Conduct*

#34 (HA) Conspired with the State with willful and wanton intent to subject the Plaintiff to over 2 years without trial (6th Amendment - No Speedy Trial) on a $300,000.00 cash only bond (8th Amendment - excessive Bail with cruel and unusual punishment - Blocked cancer medications during incarceration when alleged crime was later dismissed. *Lugar v. Edmondson Oil Co.* 457 U.S. 922, 937 (1982.). "State Action" can be present if a private party (a defendant) is a willful participant in joint action with the State or its agents (police, deputies, DA's office, Judges) *Gallagher v. Neil Young Freedom Concert*, 49 F. 3d 1442, 1453 (10th Cir. 1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

35. (HA) Defendant in collaboration with Aspen Police Dept., DA's office, Judges and Sheriffs Dept. violated Constitutional standards, resulting in "State" action in false arrests, with false defendants Reporting resulting in false imprisonment with malicious prosecution, for which the Plaintiff now complains.

36 (HA) Defendant was acting under the "Color of state law" by assuming the role of government officer in demanding that she leave or be banned from a

place of public accommodation, where she was openly welcomed before she was unabashedly without consent "outed" as being a Lesbian, "taking the law in their own hands."

37 (KK) Defendant was personally involved in the deprivation of Plaintiffs constitutional rights. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir 1976). Kentucky v. Graham, 473 U.S. 159, 166 (1985), by control or direction, or failure to supervise resulting in neglect, torture, extreme emotional distress, blockage of cancer meds, in addition to constitutional violations. Gallagher v. Shelton 587 F.3d 1063, 1069 (10th Cir. 2009). Dodds v. Richardson, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).

38 (LL) Defendant personally participated in deprivation of the Plaintiffs Constitutional rights (both U.S. & Colorado)

39 (MM) Judicial immunity is null and void when Judge acted in violation of Canons 1-3 and the Rules of Professional Conduct with bias and prejudice

40. (PP) Defendant discriminated in the following:
   ① Real Estate 24-34-701 to 24-34-707 CRS
   ② Employment 24-34-401 to 406 CRS
   ③ Housing 24-34-501 to 509 CRS
   ④ Public Accommodation 24-34-601 to 605 CRS

41. (OO) Defendant actively participated and conspired in
1st Degree kidnapping deceptively to unknown location
CRS 18-3-301(b) CRS 18-3-301(2) Suffers bodily injury.

42. (PP) Defendant committed extortion in destroying
reputation, career source of income and with
malice reported to the community that Dr. Hamilton's
credentials were invalid stating no Ph.D. from LSU,
no Post Doc at Georgetown, no licence - all false.

43. (QQ) Defendant harassed CRS 16-5-204 & 18-9-111(h)(3)
Plaintiff with ᵃᶜᶜᵉᵖᵗⁱⁿᵍ frivolous complaint CRS 13-17-102

44. (RR) Defendant ᵃᶜᶜᵘˢᵗᵉᵈ assaulted an elderly person with
disabilities CRS 18-3-209, causing unlawful act
18-3-209(1)(b)(I) Wimbus v. People, 869, P.2d 1245
(Colo. 1994).

45. (SS) Judge violated Colorado Rules of Judicial
Conduct Rule 1(b) - failed to protect ᵖˡᵃⁱⁿᵗⁱᶠᶠ public from

improper conduct, Constitutional Mandate
Article VI Sect. 23(3), violated the integrity of
Judicial process, failed to maintain public
confidence in the judiciary, failed to provide
fair and expedious disposition of complaints
of judicial misconduct or judicial disabilities,
eg Judge Boyd's stroke.

46 (22) Judicial Rule 3.2, 3. 112, 3. 14 participates or
is a member of organization whose by-laws
do not provide a non-discrimination clause
or invests in stocks : bonds of discriminatory
practices such as Chic-filet and Hobly Lobby,
All judges should be ordered by the court to
provide investment portfolios and by-laws cpus of
all membership organization

47 (UV) Judicial Rule 2.6: Issues of separation of
Church and state, are same gender weddings
allowed other churches?

48 (VV) Rule 311(4) A court ordered investigation of
all judges should be conducted of all judges
named as defendants in 15-cv-01107, with
voluntary submission of documents showing no
discrimination

(WW) Officer of the State:

49 (XX) APD Officer who refused to file criminal charges when evidence of extortion, bodily injury, menacing, alleged attempted murder in blocking cancer meds, auto attempt when the Defendant was on foot.

50 (X) (YY) Rule 35: The motion for the Defendant to undergo physical and mental examinations at Colorado Mental Health Institute in Pueblo.

51 (ZZ) Insufficient Service of Process due to APD Officer confiscating Complaints Addressed to Non protected parties or the attorney of protected parties.

52 (ZZ) (AAA) Violated FRCP Relief From Judgment by (Rule 60) Accepting inexcusable discriminatory relief, fraud, misconduct by defendant

53 (AAA) Committing of civil contempt FRCP 4.1

54 (BBB) Menacing: CRS 18-3-206 Deadly Blockage of life support medications

55 (CCC) CRS 16-3-301 Fraud & Deception in Blockage of U.S. Mail when addressee was Not a protected party

56 (DDD) CRS 18-8-704 Crime of Intimidation said not at address when they were there

57 (EEE) Extortion CRS 18-3-207 (a)(3)

58) Denied motion to Suspend the Rules CAR Rule 2 in order for justice to be done.

59) Refusal of Service of Summons by mail. Mere failure to obtain proper service does not warrant dismissal of the cause of action. Fletcher v. District Court, 137 Colo. 143, 322 P.2d 96 (1958). A cause of action may remain so indefinitely pending service of process upon the parties.

60) Refusal of Service by attorney: Counsel implicitely authorized to accept service of process where atty. is hired to commence a lawsuit he or she is authorized to accept service of process in a closely related judicial proceeding. Luetherler v. Automotive Elec. Corp. 773 P.2d 599 (Colo. App. 1988).

61) Title VII of the Civil Rights Act of 1964 Sexual Harassment violation

62) Violation of I Amendment allowed sex discrim- against a member of Congress in the absence of federal statute: Cory Gardner, Scott Tipton Davis v. Passman, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979).

63) CRS 18-6.5-101 to 108 Abuse to at-risk elderly adult

64) CRS 12-47-417(3)(b)$^{(3)(5)}$ Sexual Orientation Discrimination impact on IRS and tax empt status of Mtn Gate and churches currently claiming tax emptions state & federally funded projects.

(65) C.R.S. 13-14-104.5 Refusal by Judges DA to grant protection against the "Religious Extremists" who acted as these under color of law mandating "Conversion Therapy" to be "cured of being a Lesbian"

(66) CRS. 26-3-102 Confidentiality with Clergy

(67) CRS 18-65-102(a)(2)(3)(7) Clergy-(9)(10)(a)(II) with criminal abuse of at-risk elderly. Evans v. Romer (1996)

(68) CRS 18-3-203 Criminal Abuse by Clergy with Neglect

(69) CRS 18-9-111, Against Real Estate Agents to show property for lease, sale or rent, refusal to do so

(70) CRS. 18-8-708 - Suit for damages by victim of sexual orientation discrimination when perpetrators in retaliation filed criminal harassment charges when Plaintiff filed with Civil Rights Commission for enforcement of Aspen City Ordinances, State & Federal Laws

(71) CRS 18-8-704 Intimidating and tampering with witnesses

(72) CRS 18-9-111 Aggravated intimidating of witnesses with threats to be moved from current residences

(73) CRS 24-31-602 Penalty and civil liability for failure of Judges to uphold discrimination statutes in housing, public accommodation & employment.

(74) Colorado Rules of Judicial Discipline: Plaintiff requests that the Colorado Supreme Court issue temporary Suspension pending the resolution of preliminary or formal proceedings Rule 34.

(75) Rule 36.5 Conviction of a crime by a Judge of Class 4 felony as alleged by Plaintiff with evidence of willful and wanton intent to do bodily harm, with blockage of life support cancer meds

(76) Violation of Colorado Code of Judicial Conduct Rule 2.3 Bias, prejudice and harassment.

(77) Rule 2.6 Ensuring the right to be heard Rule 2.6

(78) Rule 2.11 Disqualification - sexual orientation discrimination

(79) Rule 2.14 Disability and Impairment (stroke of Judge Boyd)

(80) Rule 3.1 Extrajudicial Activities

(81) Rule 3.6 Affiation with Discriminatory Organizations

(82) Rule 3.15 Reporting requirements of perpetrators to elderly at-risk protected party (Evans 1996 Romer) revealing torture, bodily injury and murder CRS 18-2-101 (alleged attempted) 18-2-103 (2014) 2nd degree attempted murder with conspiracy, malice and premeditated intent due to bias: prejudice against the Plaintiff's Lesbian Lifestyle.

(83) CRS 12-36-104 Colorado Board of Medicine, falsely accused Ph.D. in Nutrition from WSU with Post Doc at Georgetown University who was practicing within the Standard of Care for Dietitians of treating, diagnosing and prescribing when she was within the guideline provided by the American Dietetic Assn., the American College of Nutrition, and the Commission on Dietetic Registration. Violation of powers & duties of the board.

(84) CRS 12-36-104.5 Limitation on authority. Dr. Hamilton was fraudulently accused when Dietitians are not licensed in Colorado. Therefore, the Board of Medicine held no jurisdiction.

(85) CRS 12-36-118(d) Administrative law judge did not have jurisdiction; the Board of Medicine failed to follow this rule before the issured injunction. Therefore injunction should be ruled unconstitutional. No notices were filed with practitioner. Her lawyers failed to appear or notify her to appear or ask for continuance of hearing to a later date.

(86) Insurance Fraud: Her professional insurance company Chicago Insurance Company (Allianz - now based in Germany) denied legal representation in alleged malpractice suit, canceled her policy and filed a case against her in Federal District Court for Declaratory Relief. C.R.S. 10-3-1115.

(87) Independant External Review of benefit denials

C.R.S 10-16-113.5: Reporting denials, CRS. Malpractice Claims CRS 11-70-102. Alternative arbitration proceedings denied. CRS 13-64-403; Determination of judgment to be entered CRS 13-64-205.

(88) The Board of Medicine is negligent and committed extortion in imposing an injunction when it held no jurisdiction over Dietitian officially Registered by the Commission on Dietetic Registration. CRS 13-64-205 with payment of damages in a lump sum in keeping with the terms listed on the declarations page of the policy held in good faith for 22 years.

(89) Exemplary damages are now due to the Plaintiff, in accordance with CRS 13-64-302.5. Who was negligently with malice deprived of insurance coverage by Chicago Insurance Company, see definitions CRS 13-64-202. Special damages section CRS 13-64-204 which the Plaintiff now expects Chicago Insurance to pay with interest in one lump sum, of $86, million—each patient who died should now be compensated for by awarding $6,000,000. The neglect of CIC depriving these elderly people of nutritional immunotherapy for debilitating conditions like osteoporosis and cancer aftercare is murder with malice by CIC.

(90) Expectation damages for breach of contract based upon the loss of income for Nutritional Biomedicine.com, the benefit she would

would have recieved from CIC had the contract not have been breached, but completed their performance to represent her in the malpractice complaint as agreed. She never missed paying her yearly premiums Dr. Hamilton is expecting the monetary value of full performance plus the amount she could have earned had the injunction not have been issued and the negative publicity in Vail and Aspen impacting her gross annual income of $400,000.00 annually growing exponentially each year. She was preparing to franchise and potentially go public on the New York Stock Exchange. She is seeking actual treble damages due to the tortuous act committed by Chicago Insurance Company.

91) CRCP 43 Rule to dissolve injunction and Rule 60(b)

92) Rule 11 CRCP Appellate and Justice Evaluations should include pro se parties

93) Rule 12 CRCP Filing a Complaint Against a Judge not followed by Bill Campbell, Ex. Dir. Judicial Commisn.

94) Appointed Elderly Retired Male Judges appointed by Chief Justice Rule 122 - not screened for bias: prejudice - LGBT community

95) Obstruction of Justice CRS 18-8-101 to 116

96) Excessive force by Police Officers Deputies CRS 18-8-801 to 804

97) Evidence Rule 106 - Defendent prepared statement to in 10CR96,11CR36,14N30,14M92,14M43

police officers, body camera effidence deleted that
would have shown that Dr. Hamilton was not false
reporting as Dan Davis APD testified in flower donation
at Christ Episcopal Church for the alter, other APD, also.

98) Judicial Notice CRCP 201 of the lesbian relationship
between the defendant and her "future wife" not acknowledged
which would have provided indesputable evidence, opport-
unity to be heard denied, violation of Constitutional right.

99) Rule 35(a) Illegal Sentence (excessive incarceration with
blockage of life support cancer meds, Rule 35(b) filed by
pro se party before ADC appointed ignored by Judges

100) Jurisdictional Defect: Court has no jurisdiction on
"church issues" Rule 35(2) and Rule 35(2)(II) where
defendants religious freedom, a constitutional right was
violated. Jim Coyle, Atty Regulation Counsel is investigating.

101) Justices failed to acknowledge Rule 50 Certiorari to
court to admit that (1) Case involves matter of substance
heretofore not determined in gay marriage (2) Important
state question, which has not been, but should be deter-
mined by the Supreme Court (3) Case is of imperative
public importance as to justify deviation from normal
appellate processes and to require immediate determin-
ation by the Colorado Supreme Court.

102) Rule 49 CRCP Motion for Writ of Certiorari Review of
reversal by superior court of county court judgment.

103) Appeal of final Board Actions when JBH met before the Medical Board she was forcefully escorted from the room by a Security Officer with a loaded gun. Injunctive proceeding hearing denied. She is a Dietitian not a physician. CRS 25.5-5-411(1)(c), CRS 12-36-118(4)

104) Matching Federal Funds for blocked cancer meds in jail CRS 25.5-1-120(b)

105) CRCP Rule 201-251 When appointment of ADC is delayed by the courts, pro se filings must be acknowledged by the judge before deadline in order for justice to be done. Incarceration in case 15M137 with blockage of cancer meds with $30,000⁰⁰ cash bond set by Judge in case later dismissed, unjust, police brutality, no ink in jail printer.

106) DA Office Violation of Fairness to Opposing Party & Counsel CRCP Rule 3.4(a)(b)(c)(d)(e)(f)(1)(2).

107) Attorney Bill Hodges & Lawson Wells violated Rule 4.5 threatened Lesbian to leave Town - or more arrests

108) Physicians CRS 18-8-115, 18-3-119, 12-38-119, 12-38-123 12-38-132, 12-36-118(4) Neglect for cancer care in jail

109) Nurse Neglect - CRS 18-3-119, 18-8-115-, 18-6.5-102(2)(III) 17-1-113.5, 25-5.5-101-102, 18-38-116.5, 18-3-206, 12-38-117(a)(e)(f)(i)(l)(n)(u), 18-38-118(cancer meds) 18-6.5-101 to 108, 12-38-118, 25.5-4-205, 26-1-129 26-3.1-102, 26-3.1-104, 26-5-106-25-4-403

110) Domestic Abuse in Jail - 26-7.5-101 to 106, 25.5-4-205 26-1-129

(110) Protective Services for at-risk Elderly adults CRS 26-3.1-101(7) Mistreatment (I) Physical pain, bleeding, bone fractures.

(111) Rejected motion for furlough for Cancer Care CRS 24-4.1-303(14)(c)

(112) Rejected "Home Detention" option CRS 17-27.8-104, Components 17-27.8-103, Definitions 17-27.8-101, Failure to remain 17-27.8-106, Judicial 17-27.8-104, Factors to be considered by Judge CRS 18-1.3-105, etc.

(113) Emotional Abuse by Police (Peace) Officers, CRS 18-6-803.5 & Deputies

(114) Public Accommodation 24-34-605 CRS, State Government-24-50-101, Rules: 24-50-141

(115) Health Care Providers CRS-18-13-119, Crimes Against At-Risk Elderly Adults 16-13-303 CRS, 18-1.3-401, Misdemeanors 18-1.3-501, 18-6.5-101 Confidentiality 26-3.1-102 Clergy

(116) Discrimination in employment CRCP Rule 402, Evidence 24-34-702, Exceptions 24-34-704, Time Limits 24-34-706, Penalties 24-34-705, Public accommodation 24-34-703, Relief Authorized 24-34-707

(117) Distortion in Plea Bargain: CRCP Rule 16(a) No Grand Jury permitted by Judges, or DA

(118) No response to complaint against law enforcement, attorneys, or judges bias-prejudice (deputies) acknowledged CRCP Rule 16. Eg. Dan Davis, APD, distortion of evidence in arrest at church, Jeff Lain,

(119) Municipal Violation of City Ordinance against discrimination-unacknowledged, CRS 16-10-101&109 CRCP Rule 48 Dismissal motion for of false arrests ignored

(120) Frivilous lawsuits: CRS 17-20-114.5, 17-26-113.7, 17-1-104.3, filed by APD Officers, Sentencing Alternatives 18-1.3-106, filed by Aspen Police Officers.

(121) Privacy Protection Act: CRS 13-90-101-102-119.

(122) After sentencing before appellate attorney was appointed and before the dead line for filing post conviction remedies, JBH as a pro se party filed for (a) Acquittal, CRCP Rule 32 Withdrawal of guilty plea in plea bargain in 11CR16 & 11CR38, (Rule 33(c) New Trial based on new evidence, negligence by APD to interview all eye-witnesses in 14M130 & 14M92 Invalid guilty plea of 2 misdemeanors in trade for dismissal of 26 alleged felonies.

(123) CRCP Rule 44 CAR III a motion of 35(1) was filed IV(2). The court never informed pro se party (the defendant) when representation of trial atty. shall terminate nor when ADC was appointed.

(124) Therefore Rule 48 CAR the defendant asks the

the court for the dismissal of all charges, due
to plain error, CAR 52(b).

(125) Criminal Neglect by Clergy CRS 18-6.5-101,
18-6.5-102 (a)(2)(3)(7)(9)(10)(a) II.

(126) Criminal Neglect by Cathie Wartnor Jail
Nurse CRS 18-6.5-102(9)(II), No medical assist-
ance CRS 17-1-113.5, 25-3.5-101-201,

(127) Pro se party filed Rule 29(c) CAR Motion
for acquittal (14 day deadline met), Reduction of
Sentence, Rule 35 (b) CAR, Motion for Reconsideration,
all ignored by Judges before deadline, Judicial
neglect - Obstruction of Justice.

(128) Civil case filed in Federal Court regarding
the banning of Defendant from places of
public accommodation CRS. 24-34-601 Mountain
Chalet, BB's Kitchen luncheons by Todd Shaffer,
Aspen Business Luncheon, Carl's Pharmacy, Gail
King, Medical Office, Dewayne Neiher, Kim Scherur,
physicians

(129) Unfair Housing in failure of Pat Marquiste show
777-787 Castle Creek, Dr. due to the Lesbian Relationship
with the sister of owner Charles R. Wall by the
deadline - Referral was on July 17, 2013, Federal
Case filed July 1, 2015 in Federal Court with
request for court appointed atty. CRS. 24-34-503
also Darla Mirschel, Conspirator.

130) With Judicial Review for constitutionality of current Colorado State law to update the statute to grant freedom to marry in places of public accommodation, our Churches, that we have attended for many years.

131) Recovery of all losses and damages in accordance with 18-9-121 CRS and 13-21-106.5CRS.

132) Blockage of continuing education resulting in loss of license, her career, source of income. She will now have to retake her national board exams again. 2011-2013 incarceration in 26 alleged felonies dismissed on May 31, 2013.