IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01107-CBS

JAN B. HAMILTON,

      Plaintiff,

v.

JAMES B. BOYD, Judge,
PAUL METZGER, Judge,
ERIN ELY, Judge,
JOHN PETOSKY, Judge,
DENISE LYNCH, Judge,
FRANK PLAUT, Judge,
JUSTICES OF SUPREME COURT OF COLORADO,
JUSTICES OF COLORADO COURT OF APPEALS,
FRANK GANNET, Judge,
FREDERICK GANNET, Judge,
BOULDIN, Judge,
KENNETH PLOTZ, Judge,
DON BIRD, Jailer,
CATHIE WARTNER, R.N., Jail Nurse,
DAVID BORCHERS, M.D., Jail Physician,
SARAH ROUSH, Asst. Jailer,
LEE LEIBMANN, Deputy,
BEVERLY CAMPBELL, Deputy,
DEBORAH KENDRICKS, Deputy,
FIERRA KEANNIAN, Deputy,
BEN LEGALL, Deputy,
NICHOLAS FIERRA, Deputy,
MATT FORESTER, Deputy,
JOE DISOLVA, Sheriff,
JON PEACOCK, County Mgr.,
COUNTY COMMISSIONERS,
RICHARD PRYOR, APD Chief,
BILL LINN, Asst. APD Chief,
JEFF FAIN, APD Detective,
DAN DAVIS, APD Sgt.,
MIKE TRACEY, APD Asst. Chief,
LINDA CONSUEGRA, APD Asst. Chief,
CHIP SEAMAN, APD Sgt.,
KURT WHEATLY, APD,
ADAM LONDON, APD,

JIM CROWLEY, Private Investigator,
LEON MURRAY, Retired APD,
JIM TRUE, City Atty.,
LAURA KOENIG, Public Defender,
TINA FANG, Public Defender,
MATT MORRIS, Public Defender,
SHERRY CALOIA, D.A.,
PETER BEYEL, Deputy D.A.,
ANDREA BRYAN, Deputy D.A.,
GRAHAM JACKSON, Deputy D.A.,
ARNOLD MORDKIN, Defeated Deputy D.A.,
MARTIN BEESON, Defeated D.A.,
JOE KRAEBACHER, Private Attorney,
SARA OATES, Private Attorney,
LEONARD OATES, Private Attorney,
LAWSON WELLS, Private Attorney,
TOM SMITH, APCHA Attorney,
JOHN STEVEN JOHNSTON, Pro Hac Vice,
TOM MCCABE, Retired APCHA,
CINDY TUCKER-DAVIS, Aspen Country Inn Manager,
CINDY CHRISTIAN, Asst. APCHA,
JOANNA GREEN, Neighbor, Aspen Country Inn, Conspirator,
GAIL KING, M.D., Private Physician,
STEVE BARWICK, Aspen City Manager,
MIKE IRELAND, Former Mayor,
BECKY AYERS, Aspen Valley Hospital Volunteer,
STEVE WOODROW, Sr. Pastor, 1st Baptist/Crossroads,
DEREK BROWN, Asst. Pastor, 1st Baptist/Crossroads,
DAN BOSKO, Asst. Pastor, 1st Baptist/Crossroads,
BLAKE APPLEBY, Chair of Bd. of Elders, 1st Baptist Church,
BRUNHILDA SCHOFFLER, Conducted "Cornerstone Therapy,"
BILL HODGES, Private Attorney,
BOARD OF ELDERS 1ST BAPTIST CHURCH, past and present,
BOARD OF ELDERS CROSS ROADS CHURCH, past and present Aspen,
VESTRY CHRIST EPISCOPAL CHURCH,
VESTRY OF ST. PETER'S EPISCOPAL CHURCH, Basalt,
BISHOP & STAFF DIOSES OF COLORADO,
ROB MCNIELL, Bishop,
JONATHAN BRICE, Rector, Christ Episcopal Church,
SHARA BRICE, Wife of Rector,
SHIRLEY TIPTON, Vestry Christ Episcopal,
PETER WAANDERS, Director, Aspen Institute,
JENNIFER CAUSING, Director's Wife,
NICKOLAS VEESSEY, Minister Aspen Chapel,
CYNTHIA BOULGAULT, Associate Pastor,

ADMINISTRATIVE COUNCIL, Aspen Chapel,
CATHERINE ANN PROVINE, Aspen Chapel Spiritual Leader,
RECTOR OF ST. PAUL'S EPISCOPAL CHURCH, Basalt,
KATHARINE JEFFERTS SHERRITS, New York, U.S. Dioces,
EPISCOPAL CHURCH OF THE UNITED STATES,
BETH KRUELWITCH, Attorney for Aspen Chapel,
MIKE NICKERSON, Aspen Community Church, Aspen, Minister,
ADMINISTRATIVE COUNCIL, COMMUNITY METHODIST, Aspen,
MIKE JAHN, Board of Ad. Counsel, Methodist,
FONDA PATTERSON,
MIKE KOSDROSKY, APCHA Mgr/Director,
BLANCA O'LEARY, Chair, Democratic Party,
PAUL CHESTER, Former Rental Property Manager,
RALPH MELVILLE, Former Founder 1st Baptist,
MARIAN MELVILLE, His Wife,
CRAIG MELVILLE, Manager of Mtn. Chalet,
EMPLOYEES OF THE MOUNTAIN CHALET,
CARL BERGMAN, Owner of Miner's Building and Carl's Pharmacy,
ALL EMPLOYEES OF CARL'S PHARMACY,
KATIE BERGMAN, Carl Bergman's Wife,
ALL EMPLOYEES OF THE MINER'S BUILDING,
BETTY CIPRIANO, Spy for Church,
PAM FISHER, Former Landlord of Bed and Breakfast,
JOHN FISHER, Former Landlord of Bed and Breakfast,
JILL WESTERLIND, 1st Baptist Church,
DON WESTERLIND, 1st Baptist Church,
DAVID MASON, Board of Elders, 1st Baptist Church,
RICK BORCHVEC, Board of Elders, 1st Baptist Church,
LINDA DAVIS, Director Women's Programs, 1st Baptist Church,
DOUG ROVERA, M.D. Oncologist,
KIM SCHEUER, M.D.,
DEWAYNE NEIBER, M.D.,
PAULA NIRCHEL, Landlord,
CONSPIRATOR OF PAUL NIRCHEL,
MACI MORRISS, Chair of Flower Donations, Christ Episcopal Church,
ASPEN INSTITUTE,
MEMBERS OF THE ELKS CLUB,
TRUSTEES & LIFE TRUSTEES, Aspen Institute,
JAMES PICKUP, A.I. Atty.,
RICK CARROL, Reporter, Aspen Times,
ASPEN TIMES CORPORATE HEADQUARTERS, New York,
MONTVIEW MANOR, Board of Directors,
PAT HARPER, Administrator Montview Manor,
PAT MARQUIS, Agent,
SOTHEBY'S INTT. REAL ESTATE,

JENNIFER MCPHERSON, Interim Director Colorado Civil Rights Commission,
JOHNATHAN WINTERS, Division of Intake, Colorado Civil Rights Commission,
BOARD OF MEDICINE, State of Colorado,
DON HUMPHREY, Private Attorney,
MARIA WATERS, Real Estate Commissioner,
ASPEN VALLEY HOSPITAL,
CYNTHIA COFFMAN, Atty. General Colorado,
TIM STANISTWSKI, FBI, Glenwood Springs, CO,
JIM COYLE, Exec. Director Colo. Attny. Regulation Counsel,
WILLIAM CAMPBELL, Exec. Director, Colorado Bd. of Judicial Discipline,
LEONARD LAUDER, President Aspen Institute,
ANNE WELSH MCNULTY, and
KEVIN HUEPEL, Private Attorney,

     Defendants.

_____

## ORDER OF DISMISSAL

_____

     Plaintiff, Jan B. Hamilton, is detained currently at the Pitkin County Jail, in Aspen, Colorado.  Ms. Hamilton initiated this action on May 26, 2015, by filing a "Complaint" (ECF No. 1) against a single defendant, Judge James B. Boyd.  Ms. Hamilton has paid the $400.00 filing fee. (ECF No. 21).

     On July 28, 2015, Plaintiff filed a Prisoner Complaint (ECF No. 35), pursuant to 42 U.S.C. § 1983, in compliance with court orders to file her pleading on the court-approved form.  (*See* ECF Nos. 3, 14, and 27).  Ms. Hamilton named over 100 Defendants in the Prisoner Complaint.

     On August 6, 2015, Magistrate Judge Craig B. Shaffer[1] reviewed the Prisoner Complaint and determined that it was deficient on numerous grounds.  Specifically, Ms.

_____

[1]This case was assigned to Magistrate Judge Shaffer for initial review, pursuant to D.C. COLO.LCivR 8.1(b), after Magistrate Judge Gordon P. Gallagher issued an Order of Recusal (ECF No. 4), on June 9, 2015.

Hamilton's allegations failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure; Plaintiff sued private individuals and entities under § 1983 without alleging any facts to show that their conduct was fairly attributable to the state; Plaintiff failed to allege the personal participation of each named Defendant in a deprivation of her constitutional rights; some of the Defendants were entitled to judicial and prosecutorial immunity; and, Plaintiff failed to state facts to show an arguable deprivation of her Constitutional rights.  (ECF No. 47).  Magistrate Judge Shaffer ordered Ms. Hamilton to file an Amended Complaint within 30 days of the August 6 Order.  Plaintiff filed an Amended Complaint (ECF No. 71) on September 4, 2015.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Amended Complaint because Ms. Hamilton is a prisoner and she is seeking redress from officers or employees of a governmental entity.  Under § 1915A(b), the Court must dismiss the Amended Complaint, or any portion thereof, that is (1) frivolous, or (2) that seeks monetary relief from a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Ms. Hamilton is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, this action will be dismissed.

## I.      The Amended Complaint

5

Plaintiff names 138 Defendants in the Amended Complaint.  In the text of the pleading, she alleges the following:

> [T]he Plaintiff seeks to recover damages for injury to her person and property because of deprivation of freedom of religion, freedom from all "involuntary servitude" in the form of mandated "conversion therapy" to be "cured of being a Lesbian" with threat of arrest, and that after she completed the year of "conversation therapy" she was nonetheless arrested and has been subjected to 10-years of alleged crimes based upon frivilous [sic] false reporting with the deliberate intent to "kill her as the bible says – every word of the bible is true" as stated by defendants. She is dying incarcerated falsely based upon complainant/defendants alleged crimes.  The officials in her incarceration have blocked cancer medications with wilful and wanton intent to take her life.

(ECF No. 71 at 15).  Plaintiff attaches 106 pages of narrative to the Amended Complaint in which she attempts to explain the Defendants' roles in violating her constitutional rights.  (ECF No. 71-1, 71-2, and 71-3).  Ms. Hamilton seeks monetary relief.

It is questionable whether the Amended Complaint complies with Rule 8, which requires a short and plain statement showing that the plaintiff is entitled to relief.  Ms. Hamilton was warned in the August 6 Order that prolix, vague and unintelligible pleadings violate the requirements of Rule 8.  The Amended Complaint is prolix, and sometimes vague and unintelligible.  Indeed, it appears that Plaintiff has attempted to name every person or entity whom she feels has wronged her in the past several years as Defendants in this lawsuit.  Ms. Hamilton is warned that naming 138 Defendants in a lawsuit is abusive and should not be repeated in any future case that she files, or sanctions may be imposed.  Notwithstanding, the Court is able to discern enough information from plaintiff's factual allegations to determine that dismissal of the § 1983 claims against the Defendants as legally frivolous is warranted.

## II.    Analysis

### A.      Judicial Immunity

Ms. Hamilton names several judges as Defendants in the Amended Complaint: James B. Boyd, Paul Metzger, Erin Ely, John Petosky, Denise Lynch, Frank Plaut, the individual Justices of the Supreme Court of Colorado, the individual Justices of the Colorado Court of Appeals, Frank Gannet, Frederick Gannet, Kenneth Plotz, and Judge Bouldin (collectively the Defendant Judges).

Judges are absolutely immune from a civil rights suit based on actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Judicial immunity "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, or an assertion that the judge acted in error or exceeded his authority, *see Stump*, 435 U.S. at 1105.   Further, a judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990).

Ms. Hamilton does not allege any facts in the Amended Complaint to suggest that the Defendant Judges were acting outside of their judicial capacity.  Accordingly, the claims against the Defendant Judges will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A.

Furthermore, any § 1983 claims asserted against the Colorado Court of Appeals, the Colorado Supreme Court, and against the state judges sued in their official capacities, are barred by the Eleventh Amendment.  *See Smith v. Krieger*, 643 F.Supp.2d 1274, 1296 (D. Colo. 2009); *Hafer v. Melo,* 502 U.S. 21, 25 (1991)

7

(explaining that a state official sued in his or her "official capacity" is generally entitled to assert the same immunities as the governmental entity for which he or she works).

## B.    Prosecutorial Immunity

Plaintiff also sues several prosecutors– Defendants Sherry Caloia, Peter Beyel, Andrea Bryan, Graham Jackson, Arnold Mordkin, Martin Beeson, Jim True, and Cynthia Coffman (collectively the Prosecutor Defendants).

Prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978).  Initiating and pursuing a criminal prosecution are acts are "'intimately associated with the judicial process.'" *Snell*, 920 F.2d at 686 (quoting *Imbler*, 424 U.S. at 430).

Ms. Hamilton's allegations indicate that she is suing the Prosecutor Defendants for actions taken in the course of their prosecutorial duties.  Accordingly, claims asserted against the Prosecutor Defendants will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A.

## C.    §1983 Color of State Law Requirement

### 1.    liability of private individuals and entities

Many of the named Defendants are private individuals or entities.  Section 1983 provides a remedy for the deprivation of a right secured by the Constitution or federal statute, committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach

merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (quotation marks omitted).

Ms. Hamilton was warned in the August 6 Order that private conduct constitutes state action only if it "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  Further, while state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir.1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id.* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).  Moreover, a § 1983 plaintiff must allege more than conclusory allegations of a conspiracy between state actors and private defendants. *See Beedle v. Wilson,* 422 F.3d 1059, 1073 (10th Cir. 2005) (holding conclusory allegation of conspiracy with state actors insufficient to extend § 1983 liability to private defendant); *Hunt v. Bennett,* 17 F.3d 1263, 1268 (10th Cir.1994) (same).  And, "private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983." *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir.1983).

The Amended Complaint suffers from the same deficiencies as the original Complaint.  Ms. Hamilton does not allege any specific facts to show that the following Defendants' conduct was fairly attributable to the state and resulted in a deprivation of her constitutional rights:  Sara Oates, Leonard Oates, Lawson Wells, John Steven

9

Johnston, Cindy Tucker-Davis, Joanna Green, Gail King, M.D., Becky Ayers, Steve

Woodrow, Derek Brown, Dan Bosko, Blake Appleby, Brunhilda Schoffler, Bill Hodges,

Board of Elders, 1st Baptist Church, Board of Elders Cross Roads Church, Vestry Christ

Episcopal Church, Vestry of St. Peter's Episcopal Church, Bishop & Staff Dioces of

Colorado, Rob McNeill, Nickolas Veesey, Cynthia Boulgault, Administrative Council -

Aspen Chapel, Catherine Ann Provine, Rector of St. Paul's Episcopal Church, Katherine

Jefferts Sherrits, Episcopal Church of the United States, Beth Kruelwitch, Mike

Nickerson, Administrative Council – Community Methodist, Mike Jahn, Fonda

Patterson, Craig Melville, Employees of the Mountain Chalet, Carl Bergman, All

Employees of Carl's Pharmacy, Katie Bergman, All Employees of the Miner's Building,

Betty Cipriano, Pam Fisher, John Fisher, Jill Westerlind, Don Westerlind, David Mason,

Rick Borchvec, Linda Davis, Doug Rovera, Kim Scheuer, Dewayner Neiber, Paul

Nirchel, Conspirator of Paula Nirchel, Maci Morriss, Aspen Institute, Members of the

Elks Club, Trustees & Life Trustees - Aspen Institute, James Pickup, Rick Carrol, Aspen

Times Corporate Headquarters, Montview Manor, Pat Harper, Sotheby's International

Real Estate, Don Humphrey, Maria Waters, Aspen Valley Hospital, Leonard Lauder,

Anne Welsh McNulty, and Kevin Huepel.

Accordingly, the § 1983 claims against the above-named Defendants will be

dismissed as legally frivolous.

### 2.    Colorado public defenders

Plaintiff's claims against Defendants Laura Koenig, Tina Fang, and Matt Morris

will be dismissed as legally frivolous because state public defenders do not act under

color of state law for purposes of § 1983 when performing their traditional functions as

counsel to a criminal defendant. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir.1983); *see also Ellibee v. Hazlett*, No. 04-3128, 122 F. App'x. 932, 934 (10th Cir. 2004).

### D.   Constitutional Claims Arising from State Criminal Prosecutions

Ms. Hamilton asserts § 1983 claims based on false arrest and malicious prosecution.

In the Amended Complaint, Plaintiff sues Defendants Richard Pryor, Bill Linn, Jeff Fain, Dan Davis, Mike Tracey, Linda Consuegra, Chip Seaman, Kurt Wheatley, Adam London, and Leon Murray (collectively the "Aspen Police Officer Defendants") for arresting her based on false complaints filed by some of the private Defendants. Plaintiff alleges that false reports of criminal activity were lodged with the Aspen Police Officer Defendants by members of her church (Defendants Shirley Tipton, Peter Waanders, Jonathon Brice, Shara Brice, and Jennifer Causing), who disapproved of her sexual orientation, and that she is awaiting trial in case number 15M137 for violation of a restraining order entered in case number 14M30.  (ECF No. 71, at 22; ECF No. 71-2, at 33-34, 46-47).  Ms. Hamilton states elsewhere in the Amended Complaint that case number 15M137 was dismissed for lack of probable cause.  (ECF No. 71-3, at 8, 24). She further asserts that:  Defendants Ralph and Mariam Melville caused her to be arrested in case numbers 14M30, 14M92, 14M143, 14M239, 14M263, 14M137 (dismissed), and 15M191 (ECF No. 71-2, at 34); Defendant Joe Kraebacher caused her first false arrest (ECF No. 71-2, at 21); Defendant Paul Chester precipitated her arrest in December 2014 for false reporting (ECF No. 71-3, at 15); and, that Defendant Pat Marquis filed criminal harassment charges against her in 2013 (*Id.* at 20).

Defendants Jim Crowley, a private investigator, Steve Barwick, the Aspen City Manager, and, Mike Ireland, the former Mayor of Aspen, also appear to be implicated in her claims.

To prevail on a § 1983 claim of false arrest, the plaintiff must demonstrate that the police officer lacked probable cause for the arrest, in violation of the Fourth Amendment. *See Smith v. Plati*, 258 F.3d 1167, 1175 (10th Cir. 2001).

State law provides the starting point for analyzing a Fourth Amendment claim for malicious prosecution under § 1983. *See Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001).  A § 1983 malicious prosecution claim requires a showing that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008); *see also Hewitt v. Rice*, 154 P.3d 408, 411 (Colo. 2007) (outlining same elements of state law malicious prosecution claim).

### 1.    applicability of *Heck v. Humphrey*

The Court takes judicial notice that Ms. Hamilton has challenged the validity of some of her state criminal convictions in habeas corpus applications filed in this Court. *See* Case Nos. 15-cv-01691-GPG (dismissed on October 9, 2015) (challenging case number 14M143); 15-cv-01791-GPG  (dismissed on October 28, 2015) (challenging case number 10CR76); 15-cv-01792-GPG (pending) (challenging case number 11CR38); 15-cv-01879-GPG (pending) (challenging case number 14M92); and, 15-cv-

01882-GPG (pending) (challenging case number 14M30).[2]

Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of a prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *Id.* at 486-87.  *See also Wilkinson v. Dobson*, 544 U.S. 74, 81-82 (2005) (reaffirming that "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Under the rule of *Heck*, Plaintiff may not seek relief under § 1983 for her criminal convictions in case numbers 10CR76, 11CR38, 14M30, 14M92, 14M143, or any other state criminal conviction that has not yet been over-turned.  A dismissal under *Heck* is without prejudice.  *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir.1996).

### 2.    pending state criminal actions

The allegations of the Amended Complaint also reflect that Ms. Hamilton may be seeking monetary relief in conjunction with pending state criminal prosecutions (possibly case numbers 15M137, 14M239, 14M263, and 15M191, as well as others).

---

[2]"[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) (*abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate under *Younger* if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889. The abstention principles of *Younger* are jurisdictional and apply whether the plaintiff seeks equitable or monetary relief. *See D.L. v. Unified School Distr. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir.1981).

The first condition for *Younger* abstention is met because Ms. Hamilton concedes that some state court criminal proceedings are ongoing. The second condition also is satisfied because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). Under the third condition, Ms. Hamilton will have an opportunity to raise her constitutional claims during the state criminal proceedings and there is no reason to believe her claims will not be given full and proper consideration by the state courts. *See Kugler v. Helfant*, 421 U.S. 117, 95 S.Ct. 1254 (1975) (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"). Thus, the Court finds that Plaintiff will have an opportunity to present her constitutional issues during the state proceedings.

14

Ms. Hamilton "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.  It is Ms. Hamilton's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Ms. Hamilton's conclusory allegations that she has been harassed and prosecuted criminally for several years because of her sexual orientation are not sufficient to overcome the presumption of abstention.

Finally, Ms. Hamilton has not shown an irreparable injury stemming from the state court criminal prosecutions.  The fact that she will be forced to stand trial on the criminal charges does not establish great and immediate irreparable injury.  *See Phelps*, 122 F.3d at 889 (The "'threat to the plaintiff's federally protected rights' is only irreparable if it 'cannot be eliminated by . . . defense against a single prosecution.'") (quoting *Younger*, 401 U.S. at  46).

Generally, where *Younger* abstention is appropriate, a plaintiff's § 1983 claims for damages will be stayed pending resolution of the state criminal proceeding. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (a district court finding that *Younger* abstention is required should stay claims for monetary relief that cannot be redressed in the state proceeding); *see also Wallace v. Kato*, 549 U.S. 384, 393-94  (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

In this case, however, the Court declines to stay the § 1983 claims of false arrest and malicious prosecution because Ms. Hamilton has failed to state an arguable claim for relief against any of the Defendants.  In *Deakins*, the Supreme Court determined that a stay of the damages claims was appropriate because there was "no question that [the complaint] alleged injuries under federal law sufficient to justify the District Court's retention of jurisdiction." 484 U.S. at 204.  The Fifth Circuit Court of Appeals has interpreted *Deakins* "to require the district court to make, if appropriate, the threshold determination whether the action is frivolous under § 1915(d)." *Marts v. Hines*, 68 F.3d 134, 135 (5th Cir. 1995); *see also Cassell v. Osborn,* Nos. 93-1557, 93-1607, 93-2079, 1994 WL 159424 (1st Cir. April 26, 1994) (unpublished) ("The preference expressed in *Deakins*, . . . for staying rather than dismissing, cognizable federal claims that allege facts 'sufficient to justify the District Court's retention of jurisdiction,' does not come into play where the claims asserted are patently frivolous.").  The Court agrees with the approach of the Fifth Circuit.

Plaintiff was warned in the August 6 Order that personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or  failure to supervise. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations and quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that a supervisor can only be held liable for his or her own deliberate intentional acts).

As discussed previously, Magistrate Judge Shaffer also warned Ms. Hamilton in the August 6 Order of the pleading requirements necessary to state a § 1983 claim against a private actor.   For § 1983 liability to attach to a complaining witness, the arrest must have stemmed from "concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power." *Gallagher*, 49 F.3d at 1454; *see also Beedle*, 422 F.3d at 1073 (conclusory allegations of a conspiracy between state actors and private citizens is insufficient).  A private citizen who merely makes a complaint to a police officer that results in an arrest is not a state actor. *See Gallagher*, 49 F.3d at 1454 (internal citations omitted).

Plaintiff's vague and conclusory allegations that the private Defendants caused her to be arrested by one or more of the Aspen Police Officer Defendants because they disagreed with her sexual orientation, and that she is being prosecuted based on false complaints of criminal activity, are insufficient to show that the private Defendants' conduct constituted state action; that one or more of the Aspen Police Officer

17

Defendants lacked probable cause to arrest her with respect to a specific pending state criminal action; or that Defendants Barwick and Ireland were personally involved in any of her arrests or pending criminal prosecutions.

Therefore, Ms. Hamilton's § 1983 false arrest and malicious prosecution claims that challenge pending state criminal actions will be dismissed as legally frivolous.

### 3.    state criminal charges that were dismissed

Finally, Ms. Hamilton's allegations suggest that some of the state criminal charges that she challenges were dismissed pursuant to a plea agreement.  (*See* ECF No. 72-2, at 30, 47).

The favorable termination requirement of a malicious prosecution claim generally means a determination of not guilty or dismissal of the charges.  *See Land v. Hill*, 644 P.2d 43, 45 (Colo. App. 1981).  Termination resulting from negotiation, compromise, settlement, or agreement, is not considered a favorable termination. *Bell Lumber Co. v. Graham*, 74 Colo. 149, 219 P. 777 (1923). The dismissal of some pending criminal charges pursuant to a plea agreement as to other charges does not constitute termination of the action in favor of the Plaintiff.

Accordingly, to the extent Plaintiff asserts one or more § 1983 false arrest of malicious prosecution claims based on state criminal charges that were dismissed pursuant to an agreement with the prosecutor, those claims are subject to dismissed as legally frivolous.

### E.    Denial of Adequate Medical Care

Ms. Hamilton asserts that she was deprived of her prescribed cancer

medications while detained in the Pitkin County Jail.  (ECF No. 71, at 15; No. 71-3, at 23-24).

Ms. Hamilton was warned in the August 6 Order that she must allege specific facts to show how a named Defendant was personally involved in a deprivation of her constitutional right to adequate medical care while detained in jail.  Specifically, she must allege facts to show that a particular Defendant acted with deliberate indifference to her serious medical needs.  (ECF No. 47 at 9-10).  *See Barrie v. Grand County, Utah*, 119 F.3d 862, 867 (10th Cir.1997) ("Under the Fourteenth Amendment's due process clause, pretrial detainees . . . are entitled to the same degree of protection regarding medical attention as that afforded convicted inmates under the Eighth Amendment.") (internal quotation marks omitted);  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (prison officials violate the Eighth Amendment's ban on cruel and unusual punishment if they act with deliberate indifference to an inmate's serious medical needs).

However, the Amended Complaint suffers from the same pleading deficiencies as the original Complaint because Plaintiff does not allege specific facts to show the personal involvement of any of the following Defendants in the alleged failure to provide her with her cancer medications, or adequate medical care:  Cathie Wartner, R.N., David Borchers, M.D., Don Bird, Sarah Roush, Lee Leibmann, Beverly Campbell, Deborah Kendricks, Fierra Keannian, Ben Legall, Nicholas Fierra, Matt Forester, and Joe Disolva.  Accordingly, the claims against these Defendants will be dismissed.

### F.   Claims against the Aspen/Pitkin County Housing Authority (APCHA) Defendants

Plaintiff asserts that Defendant Tom Smith (attorney for the APCHA) conspired

with Cindy Christian (assistant manager of the APCHA), Mike Kosdrosky (APCHA Manager/Director), Tom McCabe (former manager of the APCHA), and others to have Plaintiff evicted from her residence at the Aspen Country Inn because of her sexual orientation.  (ECF No. 71-2, at 23-24).  Her allegations can be construed liberally as asserting a violation of the Fourteenth Amendment Equal Protection Clause.

The Equal Protection Clause of the Fourteenth Amendment forbids states from "deny[ing] to any person within [their] jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Because Ms. Hamilton does not allege any facts to show that the Defendants treated her differently from other persons who were similarly situated, she fails to state an arguable equal protection violation.  *See Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) ("[T]o assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.") (internal quotation marks omitted)); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (stating that even in "class of one" equal protection claim, the plaintiff must show that he "has been intentionally treated differently from others similarly situated.").

Accordingly, the § 1983 claim against Defendants Smith, Christian, Kosdrosky, and McCabe will be dismissed.

### G.    Failure to State an Arguable § 1983 Claim Against the Remaining Defendants

In the Amended Complaint, Ms. Hamilton names as Defendants Jon Peacock, [Pitkin] County Manager, the [Pitkin] County Commissioners, Blanca O'Leary (Chair, Democratic Party), Jennifer McPherson (Interim Director, Colorado Civil Rights Division (CCRD)), Jonathan Winters (Division of Intake, CCRD), (Colorado) Board of Medicine, Tim Stanistwski (FBI), Jim Coyle (Executive Director, Colorado Attorney Regulation Counsel), and, William Campbell (Executive Director, Colorado Board of Judicial Discipline).

As an initial matter, the members of Defendant Colorado Board of Medicine are entitled to judicial immunity from damages liability under § 1983 for the Board members' performance of statutory functions that are "adjudicatory and prosecutorial in nature." *Horwitz v. State Bd. of Medical Examiners of State of Co.*, 822 F.2d 1508, 1515 (10th Cir. 1987). The Amended Complaint indicates that Plaintiff is suing the Board of Medicine for a license suspension or revocation. As such, the Board is entitled to immunity.

Similarly, to the extent Plaintiff sues Jennifer McPherson (Interim Director, Colorado Civil Rights Division (CCRD)), for an unfavorable decision rendered by the CCRD on her complaint(s) of sexual orientation discrimination, Ms. McPherson is entitled to absolute immunity. *See Wilhelm v. Continental Title Co.*, 720 F.2d 1173, 1177-78 (10th Cir.1983) (holding that Director of the Colorado Civil Rights Division is entitled to absolute immunity for closing file on an employment discrimination charge because "[t]he adjudicatory and prosecutorial nature of her responsibilities is clear.").

Furthermore, Ms. Hamilton lacks standing to assert claims against Defendants Coyle and Campbell that are premised on the Defendants' alleged failure to take

appropriate disciplinary action against certain state judges, prosecutors, and/or attorneys. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."); *see also Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993) (concluding that plaintiff lacked standing to "insert himself substantively into a license-based discipline system").

Plaintiff's allegation that Defendant O'Leary, the local chairperson of the Democratic Party, told her that she was not welcome at a Democratic caucus event, and thereafter had Plaintiff's name removed from a Democratic Party mailing list (*see* ECF No. 71-3, at 14), does not support an arguable claim for relief under § 1983. Internal political party disputes do not constitute state action so as to trigger liability under § 1983. *See Max v. Republican Committee of Lancaster County*, 587 F.3d 198, 201-02 (3rd Cir. 2009) (citing cases). Moreover, Plaintiff's factual allegations do not suggest an infringement of her right to vote.

And, finally, Ms. Hamilton does not allege any specific facts to show how Defendants John Peacock, the individual [Pitkin] County Commissioners, Jonathan Winters, Tim Stanistwski, or Defendants Blanca O'Leary, Jennifer McPherson, Jim Coyle or William Campbell, were personally involved in a deprivation of her constitutional rights.

Accordingly, Defendants Jon Peacock, the [Pitkin] County Commissioners, Blanca O'Leary, Jennifer McPherson, Jonathan Winters, the (Colorado) Board of Medicine, Tim Stanistwski, Jim Coyle, and William Campbell will be dismissed for the reasons discussed above.

### III.  Orders

For the reasons discussed above, it is

ORDERED that the § 1983 claims against Defendants James B. Boyd, Paul

Metzger, Erin Ely, John Petosky, Denise Lynch, Frank Plaut, Justices of the Supreme

Court of Colorado, Justices of the Colorado Court of Appeals, Frank Gannet, Frederick

Gannet, Kenneth Plotz, and Judge Bouldin, sued in their individual capacities, are

DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A, based on judicial

immunity.  To the extent the § 1983 claims are asserted against the Colorado Court of

Appeals, the Colorado Supreme Court, or the state court judges sued in their official

capacities, the claims are DISMISSED WITHOUT PREJUDICE as barred by the

Eleventh Amendment.  It is

FURTHER ORDERED that the § 1983 claims against Defendants Sherry Caloia,

Peter Beyel, Andrea Bryan, Graham Jackson, Arnold Mordkin, Martin Beeson, Jim True,

and Cynthia Coffman are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §

1915A, based on prosecutorial immunity.  It is

FURTHER ORDERED that the § 1983 false arrest and malicious prosecution

claims against Defendants Richard Pryor, Bill Linn, Jeff Fain, Dan Davis, Mike Tracey,

Linda Consuegra, Chip Seaman, Kurt Wheatley, Adam London, Leon Murray, Steve

Barwick, and Mike Ireland, which challenge state criminal charges that are pending, or

that were resolved pursuant to a plea agreement, are DISMISSED WITH PREJUDICE

pursuant to 28 U.S.C. § 1915A.  It is

FURTHER ORDERED that § 1983 false arrest of malicious prosecution claims

that challenge state court criminal convictions that have not yet been over-turned are

23

DISMISSED WITHOUT PREJUDICE pursuant to *Heck v. Humphrey.*  It is

FURTHER ORDERED that the § 1983 claims against Defendants Laura Koenig,

Tina Fang, Matt Morris, Sara Oates, Leonard Oates, Lawson Wells, John Steven

Johnston, Cindy Tucker-Davis, Joanna Green, Gail King, M.D., Becky Ayers, Steve

Woodrow, Derek Brown, Dan Bosko, Blake Appleby, Brunhilda Schoffler, Bill Hodges,

Board of Elders, 1st Baptist Church, Board of Elders Cross Roads Church, Vestry Christ

Episcopal Church, Vestry of St. Peter's Episcopal Church, Bishop & Staff Dioces of

Colorado, Rob McNeill, Nickolas Veesey, Cynthia Boulgault, Administrative Council -

Aspen Chapel, Catherine Ann Provine, Rector of St. Paul's Episcopal Church, Katherine

Jefferts Sherrits, Episcopal Church of the United States, Beth Kruelwitch, Mike

Nickerson, Administrative Council – Community Methodist, Mike Jahn, Fonda

Patterson, Craig Melville, Employees of the Mountain Chalet, Carl Bergman, All

Employees of Carl's Pharmacy, Katie Bergman, All Employees of the Miner's Building,

Betty Cipriano, Pam Fisher, John Fisher, Jill Westerlind, Don Westerlind, David Mason,

Rick Borchvec, Linda Davis, Doug Rovera, Kim Scheuer, Dewayner Neiber, Paul

Nirchel, Conspirator of Paula Nirchel, Maci Morriss, Aspen Institute, Members of the

Elks Club, Trustees & Life Trustees - Aspen Institute, James Pickup, Rick Carrol, Aspen

Times Corporate Headquarters, Montview Manor, Pat Harper, Sotheby's International

Real Estate, Don Humphrey, Maria Waters, Aspen Valley Hospital, Leonard Lauder,

Anne Welsh McNulty, Kevin Huepel, Shirley Tipton, Peter Waanders, Jonathon Brice,

Shara Brice, Jennifer Causing, Ralph Melville, Mariam Melville, Joe Kraebacher, Paul

Chester, Pat Marquis and Jim Crowley are DISMISSED WITH PREJUDICE as legally

frivolous because Plaintiff failed to allege any specific facts to show how their conduct is

attributable to the state so as to render them liable under

§ 1983.  It is

FURTHER ORDERED that the § 1983 claims against Defendants Cathie

Wartner, R.N., David Borchers, M.D., Don Bird, Sarah Roush, Lee Leibmann, Beverly

Campbell, Deborah Kendricks, Fierra Keannian, Ben Legall, Nicholas Fierra, Matt

Forester, and Joe Disolva, which are based on a deprivation of the constitutional right to

adequate medical care, are DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C.

§ 1915A, for failure to allege facts to show any of the Defendants' personal participation.

It is

FURTHER ORDERED that the § 1983 claims against Defendants Tom Smith,

Cindy Christian, Mike Kosdrosky, and Tom McCabe are DISMISSED WITH

PREJUDICE under § 1915A for Plaintiff's failure to allege facts to show an arguable

deprivation of her constitutional rights.  It is

FURTHER ORDERED that the § 1983 claims against Defendants Jon Peacock,

the County Commissioners, Blanca O'Leary, Jennifer McPherson, Jonathan Winters,

(Colorado) Board of Medicine, and Tim Stanistwski, are DISMISSED WITH

PREJUDICE as legally frivolous for the reasons discussed above.  It is

FURTHER ORDERED that the § 1983 claims asserted against Jim Coyle and

William Campbell are DISMISSED WITHOUT PREJUDICE for lack of standing;

alternatively, the claims are DISMISSED WITH PREJUDICE as legally frivolous for

failure to allege the Defendants' personal participation in an arguable deprivation of

Plaintiff's constitutional rights.  It is

FURTHER ORDERED that because the federal claims against the above-named

Defendants have been dismissed, the Court declines to exercise supplemental jurisdiction over any state law claims that the Plaintiff may be asserting in the Amended Complaint. *See* 28 U.S.C. § 1367(c)(3). It is

FURTHER ORDERED that Ms. Hamilton's naming of Third Party Defendants in the Amended Complaint (ECF No. 71, at 13) is STRICKEN as procedurally improper. *See* Fed. R. Civ. P. 14. It is

FURTHER ORDERED that this action is DISMISSED in its entirety. It is

FURTHER ORDERED that all pending motions are DENIED as moot. It is

FURTHER ORDERED that the Clerk of the Court shall resend to Plaintiff a copy of the September 1, 2015 Minute Order (ECF No. 68), at the Pitkin County Jail. Ms. Hamilton filed a Notice of Change of Address with the Court on September 11, 2015. (ECF No. 74). Ms. Hamilton is advised that the Court is not required to send copies of court orders to the three separate addresses provided by the Plaintiff – only her current address, which is the Pitkin County Jail. Ms. Hamilton should advise the Court if she does not receive copies of court orders.

Dated November 12, 2015, at Denver, Colorado.

BY THE COURT:


      s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

26