IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01107-LTB

JAN B. HAMILTON,

    Plaintiff,

v.

JAMES B. BOYD, Judge,
PAUL METZGER, Judge,
ERIN ELY, Judge,
JOHN PETOSKY, Judge,
DENISE LYNCH, Judge,
FRANK PLAUT, Judge,
JUSTICES OF SUPREME COURT OF COLORADO,
JUSTICES OF COLORADO COURT OF APPEALS,
FRANK GANNET, Judge,
FREDERICK GANNET, Judge,
BOULDIN, Judge,
KENNETH PLOTZ, Judge,
DON BIRD, Jailer,
CATHIE WARTNER, R.N., Jail Nurse,
DAVID BORCHERS, M.D., Jail Physician,
SARAH ROUSH, Asst. Jailer,
LEE LEIBMANN, Deputy,
BEVERLY CAMPBELL, Deputy,
DEBORAH KENDRICKS, Deputy,
FIERRA KEANNIAN, Deputy,
BEN LEGALL, Deputy,
NICHOLAS FIERRA, Deputy,
MATT FORESTER, Deputy,
JOE DISOLVA, Sheriff,
JON PEACOCK, County Mgr.,
COUNTY COMMISSIONERS,
RICHARD PRYOR, APD Chief,
BILL LINN, Asst. APD Chief,
JEFF FAIN, APD Detective,
DAN DAVIS, APD Sgt.,
MIKE TRACEY, APD Asst. Chief,
LINDA CONSUEGRA, APD Asst. Chief,
CHIP SEAMAN, APD Sgt.,
KURT WHEATLY, APD,
ADAM LONDON, APD,

JIM CROWLEY, Private Investigator,
LEON MURRAY, Retired APD,
JIM TRUE, City Atty.,
LAURA KOENIG, Public Defender,
TINA FANG, Public Defender,
MATT MORRIS, Public Defender,
SHERRY CALOIA, D.A.,
PETER BEYEL, Deputy D.A.,
ANDREA BRYAN, Deputy D.A.,
GRAHAM JACKSON, Deputy D.A.,
ARNOLD MORDKIN, Defeated Deputy D.A.,
MARTIN BEESON, Defeated D.A.,
JOE KRAEBACHER, Private Attorney,
SARA OATES, Private Attorney,
LEONARD OATES, Private Attorney,
LAWSON WELLS, Private Attorney,
TOM SMITH, APCHA Attorney,
JOHN STEVEN JOHNSTON, Pro Hac Vice,
TOM MCCABE, Retired APCHA,
CINDY TUCKER-DAVIS, Aspen Country Inn Manager,
CINDY CHRISTIAN, Asst. APCHA,
JOANNA GREEN, Neighbor, Aspen Country Inn, Conspirator,
GAIL KING, M.D., Private Physician,
STEVE BARWICK, Aspen City Manager,
MIKE IRELAND, Former Mayor,
BECKY AYERS, Aspen Valley Hospital Volunteer,
STEVE WOODROW, Sr. Pastor, 1st Baptist/Crossroads,
DEREK BROWN, Asst. Pastor, 1st Baptist/Crossroads,
DAN BOSKO, Asst. Pastor, 1st Baptist/Crossroads,
BLAKE APPLEBY, Chair of Bd. of Elders, 1st Baptist Church,
BRUNHILDA SCHOFFLER, Conducted "Cornerstone Therapy,"
BILL HODGES, Private Attorney,
BOARD OF ELDERS 1ST BAPTIST CHURCH, past and present,
BOARD OF ELDERS CROSS ROADS CHURCH, past and present Aspen,
VESTRY CHRIST EPISCOPAL CHURCH,
VESTRY OF ST. PETER'S EPISCOPAL CHURCH, Basalt,
BISHOP & STAFF DIOSES OF COLORADO,
ROB MCNIELL, Bishop,
JONATHAN BRICE, Rector, Christ Episcopal Church,
SHARA BRICE, Wife of Rector,
SHIRLEY TIPTON, Vestry Christ Episcopal,
PETER WAANDERS, Director, Aspen Institute,
JENNIFER CAUSING, Director's Wife,
NICKOLAS VEESSEY, Minister Aspen Chapel,
CYNTHIA BOULGAULT, Associate Pastor,

ADMINISTRATIVE COUNCIL, Aspen Chapel,
CATHERINE ANN PROVINE, Aspen Chapel Spiritual Leader,
RECTOR OF ST. PAUL'S EPISCOPAL CHURCH, Basalt,
KATHARINE JEFFERTS SHERRITS, New York, U.S. Dioces,
EPISCOPAL CHURCH OF THE UNITED STATES,
BETH KRUELWITCH, Attorney for Aspen Chapel,
MIKE NICKERSON, Aspen Community Church, Aspen, Minister,
ADMINISTRATIVE COUNCIL, COMMUNITY METHODIST, Aspen,
MIKE JAHN, Board of Ad. Counsel, Methodist,
FONDA PATTERSON,
MIKE KOSDROSKY, APCHA Mgr/Director,
BLANCA O'LEARY, Chair, Democratic Party,
PAUL CHESTER, Former Rental Property Manager,
RALPH MELVILLE, Former Founder 1st Baptist,
MARIAN MELVILLE, His Wife,
CRAIG MELVILLE, Manager of Mtn. Chalet,
EMPLOYEES OF THE MOUNTAIN CHALET,
CARL BERGMAN, Owner of Miner's Building and Carl's Pharmacy,
ALL EMPLOYEES OF CARL'S PHARMACY,
KATIE BERGMAN, Carl Bergman's Wife,
ALL EMPLOYEES OF THE MINER'S BUILDING,
BETTY CIPRIANO, Spy for Church,
PAM FISHER, Former Landlord of Bed and Breakfast,
JOHN FISHER, Former Landlord of Bed and Breakfast,
JILL WESTERLIND, 1st Baptist Church,
DON WESTERLIND, 1st Baptist Church,
DAVID MASON, Board of Elders, 1st Baptist Church,
RICK BORCHVEC, Board of Elders, 1st Baptist Church,
LINDA DAVIS, Director Women's Programs, 1st Baptist Church,
DOUG ROVERA, M.D. Oncologist,
KIM SCHEUER, M.D.,
DEWAYNE NEIBER, M.D.,
PAULA NIRCHEL, Landlord,
CONSPIRATOR OF PAUL NIRCHEL,
MACI MORRISS, Chair of Flower Donations, Christ Episcopal Church,
ASPEN INSTITUTE,
MEMBERS OF THE ELKS CLUB,
TRUSTEES & LIFE TRUSTEES, Aspen Institute,
JAMES PICKUP, A.I. Atty.,
RICK CARROL, Reporter, Aspen Times,
ASPEN TIMES CORPORATE HEADQUARTERS, New York,
MONTVIEW MANOR, Board of Directors,
PAT HARPER, Administrator Montview Manor,
PAT MARQUIS, Agent,
SOTHEBY'S INTT. REAL ESTATE,

JENNIFER MCPHERSON, Interim Director Colorado Civil Rights Commission,
JOHNATHAN WINTERS, Division of Intake, Colorado Civil Rights Commission,
BOARD OF MEDICINE, State of Colorado,
DON HUMPHREY, Private Attorney,
MARIA WATERS, Real Estate Commissioner,
ASPEN VALLEY HOSPITAL,
CYNTHIA COFFMAN, Atty. General Colorado,
TIM STANISTWSKI, FBI, Glenwood Springs, CO,
JIM COYLE, Exec. Director Colo. Attny. Regulation Counsel,
WILLIAM CAMPBELL, Exec. Director, Colorado Bd. of Judicial Discipline,
LEONARD LAUDER, President Aspen Institute,
ANNE WELSH MCNULTY, and
KEVIN HUEPEL, Private Attorney,

       Defendants.

## ORDER DENYING MOTIONS TO RECONSIDER

On November 27, 2015, Plaintiff, Jan Hamilton, filed *pro se* a "Petition to Implore Judge Lewis T. Babcock and All Clerks and Judges of the Federal District Court to Report Torture, Exploitation and 2nd Degree Attempted Alleged Murder in the 2nd Degree in Pitkin and Park County Jails. . . ." (ECF No. 108). On December 14, 2015, Ms. Hamilton filed a "Petition for Relief from Judgment" (ECF No. 113) and a "Petition to Reconsider Unjust Ruling in Dismissal of [Case]" (ECF No. 114).

In all three Petitions, Plaintiff appears to challenge the Order of Dismissal entered in this action on November 12, 2015. The Court construes the Petitions liberally as motions to reconsider because Ms. Hamilton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motions to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e).

The Court will consider the November 27 Petition as a motion to reconsider filed by Ms. Hamilton pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action on November 12, 2015 (ECF No. 102). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The two Petitions filed on December 14, 2105 will be construed as Rule 60(b) motions seeking relief from the judgment.

**I. Rule 59(e)**

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

Plaintiff brought this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 against 138 Defendants, both public and private individuals and entities. In the dismissal order, the Court concluded that the Defendant prosecutors and judges were entitled to

5

absolute immunity; that Plaintiff failed to allege specific facts to show that the alleged unconstitutional conduct of the private defendants could be fairly attributable to the state; that the state public defenders were not state actors; that plaintiff's claims arising out of state criminal prosecutions were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or the doctrine of abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971); and, with regard to Plaintiff's other constitutional claims, she failed to allege specific facts to show the personal participation of each named Defendant in the constitutional deprivation and/or failed to state an arguable claim for relief.  (ECF No. 101).

Ms. Hamilton now objects to the Court's dismissal order on the basis that the Court failed to analyze her claims alleging violations of her rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, Fourteenth, and Fifteenth Amendments, pursuant to 42 U.S.C. § 1983; alleged violations of her rights under 42 U.S.C. § 1985; and, claims that the Defendants violated federal criminal laws, and Colorado statutes.  (ECF No. 108 at 102).  Plaintiff does not point to any specific allegations in the Amended Complaint to support these claims.

Contrary to Plaintiff's assertions, the Court did address her § 1983 claims based on alleged violations of the Fourth, Eighth and Fourteenth Amendments in the order of dismissal.  (ECF No. 108 at 11-21).  Ms. Hamilton does not allege specifically what allegations that she believes were ignored.

In the Amended Complaint (ECF No. 71), Ms. Hamilton asserts that she was deprived of her First Amendment right to freedom of religion because some of the private Defendants made her undergo "conversion therapy" to cure her of being a lesbian.  (ECF No. 71 at 15).  However, Plaintiff does not allege any specific facts to

show how the private conduct is fairly attributable to the State. As such, her allegations are not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal citation and quotation marks omitted).

The Fifth, Sixth, Thirteenth and Fifteenth Amendments to the United States Constitution do not afford Ms. Hamilton any basis for relief under § 1983. The Fifth Amendment, which applies to the federal government and its agents, *see Davis v. Passman*, 442 U.S. 228, 234 (1979), is inapplicable because Ms. Hamilton sued only state actors and private individuals. The Sixth Amendment governs the rights of the accused in a criminal prosecution. *See* U.S. Const. amend. VI. To the extent Ms. Hamilton wishes to pursue a Sixth Amendment claim, she must do so in an application for a writ of habeas corpus. The Thirteenth Amendment prohibits slavery and involuntary servitude. *See* U.S. Const. amend XIII. The United States Supreme Court has interpreted the Thirteenth Amendment to outlaw peonage, or "coercion by threat of legal sanction to work off a debt to a master." *United States v. Kozminski*, 487 U.S. 931, 943 (1988) (citing *Clyatt v. United States*, 197 U.S. 207 (1905)). Ms. Hamilton did not allege any facts in the Amended Complaint that were within the purview of the Thirteenth Amendment. And, finally, Plaintiff did not allege that any of the state actor defendants denied her the right to vote on the basis of race, so as to implicate the Fifteenth Amendment, U.S. Const. amend XV. *See Rice v. Cayetano*, 528 U.S. 495, 511-12 (2000) ("The purpose and command of the Fifteenth Amendment are set forth in

language both explicit and comprehensive. The National Government and the States may not violate a fundamental principle: They may not deny or abridge the right to vote on account of race.")

Furthermore, Ms. Hamilton does not have a remedy under 42 U.S.C. § 1985(3) because nowhere in the Amended Complaint did she allege facts to show that the defendants' conspired to discriminate against her because of her race. *See Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir.1993) (setting forth elements of claim under § 1985(3). And, Plaintiff did not allege specific facts to show that any of the Defendants engaged in the conduct proscribed by § 1985(1) or (2).

Finally, 18 U.S.C. § 245 (a criminal statute prohibiting the use of force or threat of force to injure or intimidate a person because of race, color, religion or national religion, or for engaging in certain enumerated protected activities), 18 U.S.C. § 249 (a criminal statute that defines certain hate crimes) and 18 U.S.C. § 241 (a criminal statute governing conspiracies against civil rights) do not provide Ms. Hamilton with a private cause of action. *See, e.g., Kelly v. Rockefeller. et al.*, No. 02-3114, 69 F. App'x 414, 415-16 (10th Cir. June 17, 2003) (unpublished). *See also Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law).

The Court finds that Ms. Hamilton has failed to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action under Fed.R.Civ.P. 59(e).

However, the Court will clarify the dismissal order to reflect that to the extent Ms. Hamilton asserted any state law claims in the Amended Complaint, the Court declines to exercise supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(c)(3).

## II. Rule 60(b)

### A. Jurisdiction

The Court first addresses the issue of jurisdiction. The Court entered an Order of Dismissal on November 12, 2015. (ECF No. 101). Judgment was entered the same day. (ECF No. 102). On November 30, 2015, Ms. Hamilton filed a notice of appeal. (ECF No. 109). Plaintiff then filed her Rule 60(b) motions on December 14, 2015.

Generally, a timely notice of appeal divests the district court of jurisdiction over the issues on appeal. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *Warren v. American Bankers Ins. of Florida*, 507 F.3d 1239, 1242 (10th Cir. 2007). However, a district court may deny a motion under Fed.R.Civ.P. 59(e) or 60(b) on the merits even after the filing of a notice of appeal. *Warren*, 507 F.3d 1239, 1244-45 (10th Cir. 2007) (citing to Fed. R. App. P. 4(a)(4)(A) (stating that "[i]f a party timely files in the district court a [Rule 59(e) motion], the time to file an appeal runs for all parties from the entry of the order disposing of the [motion]."); *see also W.N.J. v. Yocom*, 257 F.3d 1171, 1172-73 n. 1 (10th Cir. 2001) (Rule 60(b) motion). Accordingly, the Court has jurisdiction to address Ms. Hamilton's Rule 60(b) motions.

### B. Merits

Rule 60(b) provides that "on motion and just terms," a court may relieve a party from a final order because of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1), (6).  The Court is mindful that relief under Rule 60(b) "is extraordinary and may be granted only in exceptional circumstances." *See Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks and citation omitted).

The Rule 60(b) motions repeat arguments raised in Plaintiff's Rule 59(b) motion, reassert the allegations of the Amended Complaint in more detail, and raise allegations that must be asserted in a federal habeas corpus proceeding.  Upon careful consideration, the Court finds that Ms. Hamilton has failed to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action pursuant to Fed. R.Civ.P. 60(b).  Accordingly, it is

ORDERED that the "Petition to Implore Judge Lewis T. Babcock and All Clerks and Judges of the Federal District Court to Report Torture, Exploitation and 2nd Degree Attempted Alleged Murder in the 2nd Degree in Pitkin and Park County Jails. . . ." (ECF No. 108), filed *pro se* by Plaintiff, Jan Hamilton, on November 27, 2015, which the Court construes liberally as a motion for relief under Fed. R. Civ. P. 59(e), is DENIED.   It is

FURTHER ORDERED that the "Petition for Relief from Judgment" (ECF No. 113) and "Petition to Reconsider Unjust Ruling in Dismissal of [Case]" (ECF No. 114), filed *pro se* by Plaintiff on December 14, 2015, which the Court construes liberally as motions for relief under Fed.R.Civ.P. 60(b), are DENIED.  It is

FURTHER ORDERED that the November 12, 2015 Order of Dismissal is amended to state that the Court declines to exercise supplemental jurisdiction over any state law claims raised in the Amended Complaint, pursuant to 28 U.S.C. § 1367(c)(3).

DATED January 27, 2016, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court